ODOM, ARCHIE M., Associate Judge.
This action arose when appellant, a resident of the City of North Miami, built a treehouse in her yard for the use of her children at a cost of some $700. Ap-pellees, her neighbors, strenuously objected to this structure on grounds that it was not constructed of masonry; that it would be a menace to life and limb in the event of a hurricane; that it did not comply with zoning and set-back requirements, and that it depreciated the value of the adjoining property.
Appellant was instructed by a building supervisor to remove the treehouse, but appealed to the City Board of Adjustment and was granted four variances, allowing her to keep the house. This decision was subsequently upheld by the City Council.
Appellees then petitioned the Dade County Circuit Court for a review of the Council’s action, and named the City of North Miami, the city Board of Adjustment and the city zoning supervisor as defendants in addition to appellant Marcella Aitkins.
Defendants moved to dismiss for failure to state a cause of action and were denied. In its order the Court gave appellees permission to amend their petition and this was done by the insertion of a paragraph charging the city with gross negli *33 gence or malice in refusing to enforce the ordinances as written.
All defendants again moved to dismiss on the same ground and this time the municipal defendants’ motion was granted while that of appellant was denied. Appellant then filed a motion to strike those portions of the petition dealing with the acts of the city and its officers; filed an answer incorporating a renewal of her motion to dismiss and subsequently moved for a summary decree. The trial judge denied the motions and stated that it was his intention that appellant should answer for all defendants.
This interlocutory appeal is taken from the denial of the motions to strike and for summary decree.
The first point that will be considered is the denial of the motion to strike. In this respect it is noted that the ruling was made after the municipal defendants had been dismissed by the trial court. Consequently they were no longer parties to the cause and no relief could be granted appellees as against them. Shannon v. McBride, Fla.App.1958, 105 So.2d 16.
The motion to strike covered paragraphs 4 through 12 of the petition. These paragraphs after alleging the ownership and location of the realty involved, recite inter alia, the zoning law applicable thereto; the actions of the City Council and Board of Adjustment in granting variances, and charge their actions with being “invalid, unlawful, ultra-vires and void”.
These allegations were now irrelevant and immaterial to the claims made by appellees against the remaining defendant and the relief sought as against her. They should therefore have been stricken by the Court upon appellant’s motion under Rule 1.14(c) of the 1954 Rules of Civil Procedure, 30 F.S.A.:
“The court may, upon motion to strike * * *, strike out any * * irrelevant * * * matter which is prejudicial to the excepting party upon such terms as the court shall think fit.”
The second point involved is the denial of the motion for summary decree. The appellees have argued briefly that they intended their petition to state a cause of action for mandatory injunctive relief against appellant apart and aside from that based on the actions of the city. The contention is not supported by the record. Appellees’ theory of case clearly was predicated upon the alleged misdeeds of the municipal defendants.
An examination of the petition after deleting the paragraphs that should have been stricken (referred to above) reveals that no genuine issues as to any material fact remain.
A summary decree should be granted where the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a decree as a matter of law. Rules of Civil Procedure 1.36(c).
Accordingly, this cause is hereby reversed with directions to the lower court to enter a summary decree in favor of appellant.
Reversed and remanded with directions.
HORTON, C. J., and CARROLL, CPIAS., J., concur.