PER CURIAM.
This is an appeal from an order denying a petition for certiorari brought by the City of Miami Beach against the City of Miami Beach Zoning Board of Adjustment and Alexander Muss & Sons, Inc., d/b/a Seacoast Towers South.
In 1963, the Seacoast Towers building was constructed. Three hundred fifty one parking spaces were provided for two hundred thirty eight units. Seacoast concluded that fifty one of those parking spaces were not needed and subsequently tennis courts were built thereon by Seacoast without a building permit or a zoning variance from *52 the City of Miami Beach. Thereafter, on April 28, 1972, Seacoast applied to the Zoning Board of Adjustment for a variance for the tennis courts. On July 1, 1972, the City of Miami Beach, pursuant to provision of its charter, issued its written certificate stating that the Seacoast request was for a variance and not for a change in zoning and, therefore, the matter was properly withing the jurisdiction of the Zoning Board of Adjustment for such action as it might deem appropriate. Ultimately, the Zoning Board of Adjustment heard testimony and granted the variance.[1]
The City of Miami Beach then filed a petition for certiorari in the circuit court attacking the Board’s ruling and seeking to require Seacoast to remove the tennis courts. The trial court entered an order denying such petition and it is from this order that the City appeals. The City contends that its zoning board did not have jurisdiction to grant a variance “after the fact” (after violation of the Code of the City of Miami Beach requiring issuance of a permit or variance by the Zoning Board before construction). By charter, the City of Miami Beach has delegated to the Zoning Board of Adjustment jurisdiction to hear and decide all variances and further has provided that all decisions of the Board shall be final and there shall be no review except by a court of competent jurisdiction. The trial court found that the granting of the variance in question was fully supported by substantial competent evidence establishing that the strict application of the zoning ordinance to Seacoast would produce a unique or unnecessary hardship with reference to the property in question. The findings of fact of the trial court come here with a presumption of correctness.
The granting of the conditional variance in this case was, as a matter of law, a proper exercise of the City of Miami Beach Zoning Board of Adjustment’s authority. The denial of the petition for cer-tiorari is, therefore, affirmed. Cf. Aitkins v. Atwood, Fla.App.1960, 124 So.2d 31.

. The Zoning Board of Adjustment granted the variance on the condition that, “. . .if the City determines that they need the spaces because they are lacking spaces to cover the people that are either visiting or living there, the City shall send them notice to cease and desist as far as the use of the tennis courts are concerned, and to convert the tennis courts into the adequate parking spaces.”