J. C. ANDERSON, PLAINTIFF IN ERROR, VS. PULASKI BROW-ARD, DEFENDANT IN ERROR.

1. It was not error to deny change of venue asked for upon the ground of odium attaching to the plaintiff from sentence and confinement in the county jail when his suit is for the malicious prosecution of the charge upon which the conviction was had, and no special circumstances are shown to support the alleged ground of the motion.

2. When a plaintiff refuses to prosecute his case the court should dismiss it for want of prosecution, and not over his objection impanel a jury and enter judgment for the defendant.

3. A judgment erroneously entered against a plaintiff should not be affirmed upon the ground that the court erred in overruling a demurrer to his declaration.

This case was decided by Division B.

Writ of Error to the Circuit Court of Duval County.

The facts in the case are stated in the opinion of the Court.

*T. A. & B. B. MacDonell,* for Plaintiff in Error;

*M. C. Jordan,* for Defendant in Error.

MAXWELL, J.

This is a suit for malicious prosecution. The plaintiff was convicted upon the prosecution complained of and sentenced to serve a term of months in the county jail. He filed in this case an application for change of venue upon the ground that his sentence, incarceration and service in the convict camp of the county had rendered him so odious to the inhabitants of the county that he could not expect to obtain a fair trial there. This application was supported by the affidavits of six persons that they believed the fact to be as stated. The application was denied by the court, and this ruling is assigned as error. We find in it no abuse of the discretion reposed in the trial court.

After the denial of this motion the plaintiff refused to prosecute the case, and against his objection the court upon motion of the defendant impanelled a jury, directed a verdict and entered judgment for the defendant. This was error. As said by this court in Wade v. Doyle, 17 Fla. 522, text 531, "even though a trial of such an issue was proper, yet as against the wish of the plaintiffs, the defendant can not prosecute plaintiff's suit. If the plaintiff's saw proper to abandon their cause at this stage of the proceedings, the defendant's remedy was a motion for judgment for want of prosecution. While the plaintiff can not be compelled to submit to a nonsuit (Rule 51 Circuit Court Rules,) yet if he voluntarily declines to prosecute his suit and refuses so to do, the court can and should dispose of it in the manner stated."

But it is urged by defendant in error that the judgment should be sustained because the declaration does not state a cause of action. The declaration was demurred to in

11 S C.

the court below and the demurrer was overruled. Assume that this ruling was erroneous. Had the declaration been held insufficient by the lower court, its defects might have been cured by amendment. Had this court, upon writ of error by the defendant, reversed the lower court in overruling the demurrer, the case would have been remanded with opportunity in the lower court to amend. But were we now to affirm, for the reason that his declaration is inartificial, a judgment erroneously entered against the plaintiff upon other grounds, the effect would be to conclude him without opportunity to amend, when the court in which alone he could amend had held it to be unnecessary. This is not a proper practice and will not be adopted.

The judgment of the lower court is reversed and the cause remanded for further proceedings in accordance with law.