105 So.2d 16 (1958)
David L. SHANNON and Helen V. Shannon, Appellants,
v.
Mrs. Thomas E. McBRIDE, a/k/a Helen McBride, and Mrs. A.D. Marshall, a/k/a Pat Marshall, Appellees.
No. 125.
District Court of Appeal of Florida. Second District.
June 4, 1958.
Rehearing Denied September 30, 1958.
*17 Warrick, Icardi & LeFevre, Winter Park, for appellants.
Clark W. Jennings, Winter Park, for appellees.
PER CURIAM.
This is an appeal by the plaintiffs in a replevin action from an unfavorable judgment entered against them in the court below upon the appellees' motion for final judgment. It is necessary to relate the facts in some detail.
On March 1, 1956, appellants filed their complaint in replevin in the Circuit Court in and for Orange County seeking the return of a Cessna aircraft and damages for its wrongful deprivation and detention. Named and served as defendants were the appellees McBride and Marshall and one "Jack C. Kalemba, d/b/a Kalemba Bros. Aircraft & Engine Service", who is herein referred to as Kalemba. On March 5, 1956, Kalemba gave notice of the taking of appellants' depositions. On March 17, 1956, appellees McBride and Marshall filed a motion to dismiss the complaint, a motion for more definite statement, and a motion to strike the complaint or a paragraph thereof. On March 20, 1956, Kalemba filed a motion to dismiss the complaint, stating as grounds that the complaint failed to state a cause of action against him and that there was a misjoinder of defendants. On May 8, 1956, the lower court entered an order reciting that the cause came on for hearing upon "defendants motion to dismiss" and adjudging that the complaint was "dismissed as to the Defendant, Jack C. Kalemba." The parties tell us that only Kalemba's motion to dismiss was presented to the lower court at this hearing.
On May 18, 1956, appellants filed an amended complaint which retained the three defendants in the style of the case and addressed their claim only to the defendant Kalemba, who was alleged to be in possession of the airplane. The prayer was for return of the plane and damages for its wrongful detention. Copy of the amended complaint was served upon counsel for Kalemba and counsel for the appellees. Notice of lis pendens was likewise filed. On May 22, 1956, Kalemba filed a motion in the alternative to dismiss the complaint or for severance of actions because of an improper joinder of causes of action; he also moved to strike the amended complaint and set the motions for hearing on June 1, 1956. Meanwhile, on May 25, 1956, appellants filed a notice of dismissal pursuant to Rule 1.35(a) (1) (i), Florida Rules of Civil Procedure, 30 F.S.A., dismissing "the above styled action against the defendant Jack C. Kalemba d/b/a Kalemba Bros. Aircraft & Engine Service". Pursuant thereto the clerk entered an order that "the cause was dismissed".
Nothing further was done until December 12, 1956, when appellants' counsel served notice upon appellees' counsel that all pending motions were set for hearing before the court on January 29, 1957, same being a re-scheduling of a hearing theretofore set for December 20, 1956. On the hearing date, appellants served on appellees a motion for leave to file an amended complaint against them, and on the same date appellees served motion for final judgment, alleging that the amended complaint did not name them as parties, stated no cause of action against them, and being complete in itself and without reference to or adoption of any part of the original complaint, superseded the original complaint which thereupon ceased to be a part of the record. As a result, they alleged, they were as a matter of law automatically dismissed as parties to the action.
Upon hearing the last two motions, the lower court on February 11, 1957, denied appellants' motion to amend and entered *18 final judgment in favor of appellees, ordering that appellants "take nothing by their complaint and that this suit be and it is hereby dismissed for all purposes whatsoever."
From the judgment so entered, appellants bring this appeal, presenting three successive points: that the lower court erred in entering the final judgment against them; that even if he properly entered the judgment, he erred in not allowing their motion for leave to file an amended complaint; and even if he were correct on these two points, he erred in not specifying that the final judgment was without prejudice.
It is appropriate to consider first whether there was error in entering the final judgment. It is appellants' contention that the amended complaint was an involuntary amendment made consequent to the sustaining of Kalemba's motion to dismiss and therefore did not supersede the original complaint even though the original complaint was not referred to or adopted by reference. On the other hand, the appellees contend that their dismissal was effected by the filing of the amended complaint on May 18, 1956, and that such automatic dismissal was within the provisions of Rule 1.35(b) pertaining to "any dismissal not provided for in this rule" and therefore was made "with prejudice".
As is so often the case, we think the fact lies somewhere between the contentions of the respective parties. There is no question but that normally an original pleading is superseded by an amendment of it which does not express an intention to save any portion of it. Watkins v. Sims, 81 Fla. 780, 88 So. 764; Dee v. Southern Brewing Co., 146 Fla. 588, 1 So.2d 562; 41 Am.Jur., Pleading, Sec. 313; 6 Cyclopedia of Federal Practice (3d ed.) Sec. 18.12, p. 147.
From this record it appears that the dismissal of Kalemba was all that was considered in the hearing which resulted in the order of May 8, 1956, that that order dismissed the original complaint only as to Kalemba, and that the amended complaint pled over only as to Kalemba. However, this is not determinative of appellants' purpose as to appellees in filing the amended complaint. Whether the original complaint was intended to remain standing as to appellees or whether the amended complaint was intended to drop them from the action cannot now be known with certainty, but it is clear that there were two courses open in the lower court. If it was intended to drop the appellees as parties, the proper action would have been to complete their deletion by moving for an order of the court "on such terms as are just", under Rule 1.18, Florida Rules of Civil Procedure. If the original complaint was intended to stand as to appellees, then the proper action in the lower court would have been to place in the amended complaint a provision reasserting the proper allegations of the original complaint as to appellees so that the action could proceed to a determination of the matter between the parties on the merits.[1] Neither was done. We think that the filing of the amended complaint must be considered an imperfect dropping of appellees as of that date and although no order formally dropping them was obtained, the action must be considered as being terminated as to them as of that act. This is the contention of appellees' motion for judgment. It seems also to have been the position of appellants when they filed the Notice of Dismissal and had the clerk dismiss the suit, for, as pointed out below, only by considering that Kalemba was the sole remaining defendant would these actions have been at all proper. Consequently it appears that the only proper judgment that the court could enter as to appellees *19 was to drop them from the action without prejudice to appellants' claim. The final judgment entered below does not take this course but has the appearance of being entered on the merits and apparently was entered with prejudice. Since it is clear from the record that the lower court never reached a consideration of the merits of appellants' claim as to appellees, such final judgment cannot in these circumstances be upheld as a "just" disposition under Rule 1.18, supra. See Anderson v. Broward, 45 Fla. 160, 34 So. 897, and Weaver v. Marcus, 4 Cir., 1948, 165 F.2d 862, 175 A.L.R. 1305. Also see Sedell v. Sedell, Fla. App. 1958, 100 So.2d 639, and 10 Fla.Jur., Dismissals, Discontinuance and Nonsuit, Secs. 9, 10 and 23, pp. 370-373 and 385.
We think that appellees' reliance upon Rule 1.35(b), Florida Rules of Civil Procedure, not to be well founded. This rule, like its counterpart in the Federal Rules of Civil Procedure, Rule 41(b), 28 U.S.C.A., is entitled, "Dismissal of Actions," not "Dismissal of Parties," and similarly concerns the dismissal of an entire controversy as distinguished from the dismissal of individual parties or of a claim against one or more, but less than all, of the defendants. Harvey Aluminum, Inc. v. American Cynamid Co., 2 Cir., 1953, 203 F.2d 105, certiorari denied 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383, and Neiman-Marcus Co. v. Lait, D.C.N.Y. 1953, 14 F.R.D. 159, so construe the Federal Rule. See Barron & Holtzoff, Federal Practice & Procedure (Rules Ed.), Vol. 2, Secs. 543 and 911, and Moore's Federal Practice (2d Ed.) Vol. 3, Ch. 21, and Vol. 5, Sec. 41.02. Further, the phrase of said rule alleged to control this situation, "any dismissal not provided for in this rule", is only general in its reference, while the provision of Rule 1.18 for the adding and dropping of parties, is specifically applicable.[2] Appellees' contention lures us toward the technical or hypertechnical application of the Rules of Civil Procedure, whereas Rule A thereof adjures us to the just, as well as speedy and inexpensive, determination of every action. We feel that the excessive refinement of pleading procedures should be subordinated to the achievement of substantial justice. There is no contention here that the lower court ever considered any portion of the merits of appellants' claim against appellees;[3] appellees' motions addressed to the original complaint were never disposed of; neither the pleadings nor any issues were ever settled and of course no answer by appellees was ever filed and no testimony of any kind was taken or considered. It may also be noted that no contention is made or was made below that the judgment should be entered for want of prosecution nor for any delinquency or failure to comply with any order of court;[4] nor, so far as we can tell, for any misjoinder of claims under Section 46.08, Florida Statutes, F.S.A.
The final judgment in favor of appellees McBride and Marshall dismissing the cause on the merits with prejudice is reversed and in lieu thereof there should be entered an order dismissing the cause without prejudice.
Appellants' third question has been disposed of in determining the correctness of the final judgment. Appellants' second question concerns the denial of leave to file an amended complaint against appellees. *20 Since the leave was not requested until long after the appellees were imperfectly dropped as parties and the action had thereafter been voluntarily dismissed by appellants as to the remaining defendant Kalemba, we must hold the request came too late and there was no error in denying appellants' motion.
The final judgment is reversed and the action is remanded for further action in accordance with the views herein expressed.
KANNER, C.J., ALLEN, J., and THORNAL, CAMPBELL, Associate Judge, concur.
NOTES
[1] Further, if a severance of claims were desired, this could have been effected by a motion and order therefor under Rule 1.18.
[2] The procedure for adding and dropping parties defendant was formerly provided by Section 45.08, Florida Statutes, deleted 1955, as well as former rules. The method was by amendment on proper terms. Crandall, Florida Common Law Practice, Sec. 9. Under earlier practice, appellants' action in dropping appellees probably would have been denominated a "discontinuance." See cases cited 7 Fla.L & P., Dismissal, Discontinuance and Nonsuit, Sec. 35, p. 570. Also, 9 Cyclopedia of Federal Practice Sec. 29.02, p. 78, et seq.
[3] See discussion in Kent v. Sutker, Fla. 1949, 40 So.2d 145.
[4] Hinchee v. Fisher, Fla. 1957, 93 So.2d 351; 10 Fla.Jur., Dismissals, etc., Sec. 19, p. 378.