WIGGINTON, Chief Judge.
Defendants Scott have appealed from a final decree entered against them upon a counterclaim filed in the cause by their co-defendant, Permacrete, Inc. The principal point on appeal questions the correctness of the Chancellor’s action in entering the decree pro confesso and final.decree against appellants on appellee’s counterclaim, and in refusing to vacate and set aside the two mentioned decrees upon appellants’ timely motions seeking that relief.
The question to be decided is one of procedure. Although the pleadings filed in the cause are many and the record voluminous, the question presented is relatively uncomplicated. In order that the issue to be resolved may be brought clearly in focus, a burdensome detailing of the pleadings filed by the parties will be necessary.
The suit is one in chancery filed by Glens Falls Insttrance Company as surety on a subcontract performance bond against the Scotts as general contractors, Fred Diulus as Scotts’ subcontractor and Perma-crete, Inc., as indemnitor on the performance bond furnished by plaintiff. After disposition of several preliminary motions filed by the Scotts and Diulus, but before either of them had answered the complaint or moved for summary judgment, there was filed in the cause a notice by Glens Falls discontinuing the action and dismissing the complaint as to the Scotts and Diulus. We pause to note that no order was entered by the court formally dropping these parties as defendants or dismissing the complaint as to them.
Subsequent to the foregoing proceedings Glens Falls filed a motion reciting that it had theretofore dismissed the action against the Scotts and Diulus; that the remaining defendant Permacrete had answered the complaint, but had filed no-counterclaim or cross-claim in the cause and would not be prejudiced by a dismissal of the action against it. It was prayed that an order be entered dismissing the complaint as to Permacrete without prejudice, The Chancellor denied the foregoing' motion and allowed Glens Falls twenty days in which to file such amended and supplemental pleading as it may be advised,, and allowed Permacrete twenty days in which to answer any amended or supplemental complaint which Glens Falls might file.
Pursuant to the permission granted, Glens Falls filed an amended complaint in which only Permacrete was styled and named as defendant. The cause of action alleged and the relief prayed for in the amended complaint was against Permacrete' alone. To the amended complaint Perma-crete filed an answer in which it asserted, numerous defenses to the cause of action alleged against it. The answer contained a counterclaim against Glens Falls, and named the Scotts and Diulus as counter-defendants. The counterclaim alleged a cause of action and prayed for affirmative relief as against each of the parties named as counter-defendants therein. Copies of the counterclaim were served by mail on counsel for Glens Falls, on the attorneys shown by the record to be counsel for the *889 Scotts and on Diulus in his individual capacity. No process was issued nor served ■on the Scotts and Diulus requiring that they appear in the cause and answer the counterclaim, nor was an order of court sought ■or procured which would permit this to he ■done.[1] When the Scotts failed to answer ■or otherwise plead to the counterclaim, a decree pro confesso was entered against them which was followed by a final decree granting Permacrete the affirmative relief ■prayed for in the counterclaim. Motions by the Scotts to vacate and set aside the decree pro confesso and final decree entered» against them were timely filed, but duly denied. It is from the mentioned decrees and order of denial that this appeal is taken.
Appellants contend that the Chancellor •erred in entering a decree pro confesso and final decree against them on Permacrete’s •counterclaim for the reason that at the time the counterclaim was filed they were no longer parties to the cause, had not been brought back into the suit by proper process and the court therefore lacked jurisdiction over their person. They premise this contention on two separate grounds.
Firstly they assert, and correctly so, "that Glens Falls’ notice of discontinuance •and dismissal as to them was filed before they had answered the complaint or moved for summary decree, and before Perma-crete had filed and served its counterclaim against them. They urge that the notice was effectual as a dismissal of the complaint as to them and they were no longer parties to the cause at the time Permacrete subsequently filed and purported to serve on them its counterclaim. In this connection reliance is placed on the provisions of Rule 1.35(a) (1), F.R.C.P.[2] We are unable to agree with appellants’ position on this point. The mentioned rule provides that a plaintiff may voluntarily dismiss his action without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment or decree. This rule has been construed as applicable only to a dismissal of the entire action or controversy as distinguished from a dismissal of any claim or cause of action against one or more, but less than all, of the defendants.[3] The proper method of dropping parties defendant from a suit is to move for and procure an order of court dismissing the complaint as to the designated defendant or defendants as permitted by Rule 1.18, F.R.C.P.[4]
We therefore hold that standing alone, the notice of dismissal as to the Scotts and Diulus was not effectual to eliminate those parties as defendants in the cause.
*890 Secondly, it is contended by appellants that they were eliminated as parties to the action when Glens Falls, with permission of court, filed its amended complaint in which only Permacrete was named as defendant, and against only whom a cause of action was alleged and relief sought. In order to- properly determine this question we must consider the pleadings as a whole. It cannot be seriously doubted but that Glens Falls intended to discontinue its action and dismiss the complaint as against the Scotts when it filed its notice to that effect. This conclusion is inescapable even though the notice was not legally sufficient to accomplish that purpose. Such intent was again manifested by Glens Falls’ subsequent motion to dismiss the complaint as to Permacrete in which it was recited that the action had theretofore been discontinued and the complaint dismissed as to the Scotts and Diulus. If any doubt remained as to the purpose of Glens Falls to maintain its action only against Permacrete, such doubt was removed when it filed its amended complaint alleging its cause of action and praying for relief only against Permacrete. This pleading contained no allegations re-asserting or incorporating by reference the allegations against the Scotts and Diulus as contained in the original complaint. The record fails to reveal that Permacrete at any time filed an objection to the apparent deletion of the Scotts as parties to the suit, nor did it seek an order retaining them in the cause as parties against whom it intended to seek affirmative relief.
A factual situation similar to the one here presented was involved in the Shannon case, decided by the Second District Court of Appeal.[5] It was there held that the filing of an amended complaint pursuant to leave of court which alleged a cause of action and sought relief against only one of three original defendants constituted a dismissal of the complaint without prejudice as to the two original defendants against whom no- cause of action was-alleged in the amended complaint. The facts in the case now before us more strongly support the rule followed by the court in Shannon than did the facts recited in that opinion.
We therefore hold that by the filing of the Glens Falls amended complaint in which the cause of action sued upon is confined solely to Permacrete as defendant, appellants Scott were deleted as parties and were no longer subject to the court’s jurisdiction over their person in that proceeding. It follows that the service by mail of a copy of Permacrete’s counterclaim on the-Scotts’ attorney of record was ineffectual' to acquire jurisdiction over the person of the Scotts, or to require them to plead or answer the counterclaim. The decree pro-confesso entered against the Scotts, and the final decree based thereon, are nullities. The court therefore erred in refusing to-vacate and set aside the decree pro confesso- and final decree upon the Scotts’ timely motion seeking that relief.
In view of our disposition of the principal point hereinabove discussed, it becomes unnecessary to consider the remaining points on appeal. Any statements made in connection with such points would be dictum and have no controlling effect upon the trial court in the further disposition of this cause.
The decree appealed is reversed and the cause remanded with directions that the decree pro confesso and final decree be vacated and set aside, and for such further proceedings as may be appropriate.
Reversed.
STURGIS and CARROLL, DONALD K., JJ., concur.

. Rule 1.13(8), F.R.C.P., 30 F.S.A.

. “Rule 1.35. Dismissal of actions, (a) Voluntary Dismissal; Effect Thereof. (1) By Plaintiff; By Stipulation. Subject to the provisions hereof, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of :a motion for summary judgment or decree, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal shall be without prejudice, except that a dismissal shall operate as .an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this State an action based on or including the same claim.”

. Shannon v. McBride, Fla.App.1958, 105 So.2d 16; Crump v. Gold House Restaurants, Fla.1957, 96 So.2d 215, 65 A.L.R.2d 637; Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 203 F.2d 105.

. “Rule 1.18. Misjoinder And Nonjoinder Of Parties. Misjoinder of parties shall not be ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.”; Shannon v. McBride, see footnote 3.

. Shannon v. McBride, see footnote 3.