CARROLL, Judge.
By an amended complaint the plaintiff sought damages for personal injuries alleged to have resulted from negligence of the defendants. The plaintiff was a lessee of premises owned by the defendant Mrs. Joseph Farley, for whom the defendant Keyes Company was alleged to have acted as agent. The injury was caused by an explosion of gas. Faulty installation and service were charged to the defendants Blackwell Plumbing Co. and Southeastern Natural Gas Co. Without detailing the allegations of facts and of duties owed and breached, the amended complaint shows the liability of the defendants as declared upon therein was joint and several.
Prior to trial plaintiff voluntarily dismissed as to three of the four defendants. The defendant Southeastern Natural Gas Co. remained. Later, on its motion the cause was dismissed as to that defendant also. The ground upon which the trial court relied in making that ruling was-that because plaintiff had voluntarily dismissed some but not all parties defendant,, the entire case should be dismissed.
That ruling of the trial court was incorrect. The defendants were severally liable. Plaintiff’s voluntary dismissal of all2 except one of them did not compel dismissal of the remaining defendant. Ruis v. Halloway, Fla.App.1962, 139 So.2d 745. See Scott v. Permacrete, Inc., Fla.App. 1960, 124 So.2d 887.
What occurred here, by dismissal of three of the defendants, amounted to an election by the plaintiff to proceed severally and separately against the one remaining defendant. We have been shown no decision or rule of court which required the dismissal of the cause as to the fourth. *399 defendant, who remained after plaintiff voluntarily applied for dismissal of three. On the contrary, in the case of Shannon v. McBride, Fla.App.1958, 105 So.2d 16, 19, it was recognized that rule 1.35, F.R.C.P., 30 F.S.A. concerns dismissal of an entire cause and is not applicable when it is sought to dismiss individual parties or a claim against one or more but less than all of the defendants. And, as there noted, rule 1.18, F.R.C.P. is specifically applicable and permits dropping parties. True, the latter rule provides that the court may authorize parties to be dropped, “[up]on such terms as are just,” but it would not appear to be a “just term” to require, as a condition of permission to drop three of four defendants whose liability is several, that the entire cause should be dismissed.
Accordingly the order appealed from which dismissed the cause as to the defendant Southeastern Natural Gas Co. is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.