317 So.2d 824 (1975)
HERTZ INTERNATIONAL, LTD., and the Hertz Corporation, Appellants,
v.
Virginia RICHARDSON and Frederick Richardson, Appellees.
No. 74-1234.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Rehearing Denied September 8, 1975.
*825 Wicker, Smith, Pyszka, Blomqvist & Davant and Richard A. Sherman, Miami, for appellants.
Podhurst, Orseck & Parks, Colson & Hicks, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PEARSON, Judge.
The appellants, The Hertz Corporation and Hertz International, Ltd., were defendants in the trial court. They appeal a final judgment pursuant to a jury verdict for Virginia Richardson and Frederick Richardson, her husband. The plaintiffs alleged in their complaint that the defendant corporation rented to plaintiffs a defective automobile and that by reason of the defect, they were injured.
The substantial points presented urge: (1) The proof was insufficient to establish the responsibility of these defendants for the act of another corporation which actually furnished the defective automobile; and (2) the Hertz Corporation was improperly joined as a defendant without service of process and the court, therefore, did not have jurisdiction to enter judgment against The Hertz Corporation.
Frederick and Virginia Richardson, husband and wife, were on a trip to England. Upon arriving at the Heathrow Airport in London, they rented a car at a Hertz counter and proceeded to drive to London. Approximately ten miles from the airport the *826 brakes failed and they ran into the automobile traveling ahead of them. As a result of the accident, Mrs. Richardson received injuries to her neck and lower back.
The plaintiffs claimed that the defendant corporations were liable upon the doctrine of apparent or ostensible authority in that they held out the corporation or persons operating the Hertz counter and rental car business at Heathrow Airport, as the agents of The Hertz Corporation and Hertz International, Ltd. See Stuyvesant Corp. v. Stahl, Fla. 1952, 62 So.2d 18.
The jury accepted this basis of liability as proved. The trial court found it legally sufficient under the facts presented. In reviewing the sufficiency of the evidence to support the conclusion of law and fact, we must accept the evidence in the light most favorable to the decision of the trial court. Industrial Waste Services, Inc. v. Henderson, Fla.App. 1974, 305 So.2d 42. Thus viewed, the facts relative to the issue appear to be as follows: At Heathrow Airport, the counter to which Dr. and Mrs. Richardson presented themselves had signs designating it as the "Hertz" counter. A girl in a "Hertz" uniform served Dr. Richardson from behind the counter, and negotiated the rental of the car with him. The signs in the area were the same as the Hertz signs he had observed on the many, prior occasions he had rented Hertz cars. Some of the signs he had seen simply said "Hertz" some said "Hertz-Rent-A-Car." All were similar in color and make-up. The counter contained the words "Hertz-Rent-A-Car" and the photographs were described as depicting the Hertz counter which was like most Hertz counters throughout the United States and the world.
The documentation given to Dr. Richardson at the counter left the impression that this was a "Hertz" transaction. The information sheet, the actual Hertz rental agreement, the envelope containing the documentation and the ultimate 19 point check card, all of which were furnished to the plaintiffs, showed "Hertz" as the entity with whom the plaintiffs were dealing. The rental agreement was a standard Hertz lease. On this instrument, to the left of the top caption, the standard Hertz insignia is found. The word "lessor" in small letters appears to the right of the insignia. In black, dark lettering on top of the word "lessor" appear the words "Hertz-Rent-A-Car." Immediately under the word lessor are the words "Daimler Hire, Ltd.," in smaller type than the words "Hertz-Rent-A-Car." The box entitled "Owning District," contains the word "Hertz."
Dr. Richardson obtained the form and the keys, and then a man from the counter escorted him and a porter carrying the luggage to the car lot and the subject vehicle. Upon getting into the car, Mrs. Richardson observed a "Hertz 19 point check" card on the back seat. This instrument contained the word "Hertz" in various places. Toward the bottom of the check list were these words: "This Hertz car has passed." The latter statement was signed with the signature of a "quality inspector." The word "Hertz" in heavy set type, was printed on the back of the instrument, and the following words also appeared: "Hertz rents Fords and other fine cars." This too was in heavy set printing.
The back of the instrument contained the handwritten words "brake fluid low." A check mark through the word "fluid" and an "x" across the check mark, coupled with the initials "o.c." (thought to be O.K.) were also found on the back. At this juncture (at the airport), Dr. Richardson checked the brakes and found them to be satisfactory.
Answers to interrogatories showed that The Hertz Corporation, in fact, owned all of the stock of Hertz International, Ltd.; Hertz International Ltd., in turn, owned all of the stock of Y.K.P., Holding, Ltd., which, in turn, owned all of the stock of Daimler Hire, Ltd. A defense witness testified *827 that Daimler is an English company "which operates the car rental business under the Hertz name in England." According to the witness, he believed "that all stations operated in England under The Hertz Corporation are corporate locations of Daimler Hire."
The evidence further shows that Hertz International, Ltd., is a Delaware corporation with general offices in New York City. The Hertz Corporation is also a Delaware corporation operating rental stations in the United States, and the Hertz "system" is comprised of the self-owned rental stations and franchised operations (representative operators under license from Hertz). These operate under the "Hertz" service mark or trademark.
Hertz International, Ltd., is a holding company, owned by The Hertz Corporation. Hertz International owns shares in companies formed in various countries throughout the world "which operate under the Hertz flag," and Hertz International has "the exclusive right to grant licenses, franchises, [and] utilization of the mark outside the United States."
Stuyvesant Corp. v. Stahl, Fla. 1952, 62 So.2d 18, establishes the applicability of the doctrine of apparent authority to situations similar to the one before us. The remaining question is whether the evidence as set forth is sufficient to support the finding of liability in this case. We hold that the evidence is sufficient, based upon the law as set forth in the following cases we shall now discuss.
In Knickerbocker Fine Cars, Inc. v. Peterson, Fla.App. 1960, 118 So.2d 639, this court dealt with a similar question of the sufficiency of the evidence for ostensible agency. We relied upon the statement of the test as applied by the Supreme Court of Florida in T.G. Bush Grocery Co. v. Conely, 1911, 61 Fla. 131, 55 So. 867, 869, wherein the court stated:
"`Where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform a particular act, and therefore deals with the agent, the principal is estopped, as against such third person, from denying the agent's authority.'"
We think that measured by the standard of "a person of ordinary prudence, conversant with business usages and the nature of the particular business" the evidence was sufficient to support the jury's finding that the plaintiffs were justified in believing that a Hertz Corporation leased the car. See Greyhound Rent-A-Car, Inc. v. Austin, Fla. 1974, 298 So.2d 345; Economy Cabs, Inc. v. Kirkland, 1937, 127 Fla. 867, 174 So. 222. See also Seaboard Properties, Inc. v. Bunchman, 278 F.2d 679 (5th Cir.1960).
The second substantial question presented is whether the court had jurisdiction to enter a judgment against the defendant, The Hertz Corporation.
Suit was originally filed against "The Hertz Corporation d/b/a Daimler Hire, Limited." The Hertz Corporation moved to dismiss. Thereafter, plaintiffs amended the complaint and dropped The Hertz Corporation as a defendant. In its place Hertz International, Ltd., was substituted. Service was had on Hertz International. Thereafter, pretrial procedures and discovery were conducted and the same counsel who originally had represented The Hertz Corporation continued to represent Hertz International, Ltd., for almost ten months after the substitution. At that time, the present counsel was substituted. During the trial, plaintiff moved to add The Hertz Corporation as a defendant. The motion was granted and eventually final judgment was entered against both Hertz International, Ltd., and The Hertz Corporation.
Appellees urge that The Hertz Corporation was at all times fully aware of the *828 suit and the basis upon which the "Hertz system" was being charged with liability. It is urged that because of these facts and the fact that the same counsel continued to represent the "Hertz system," the renaming of The Hertz Corporation was simply the correction of a misnomer. As such, it is urged that it did not amount to the adding of a new party and that such a procedure has been approved by Florida law. See Green v. Peters, Fla.App. 1962, 140 So.2d 601; McNayr v. Cranbrook Investments, Inc., Fla. 1963, 158 So.2d 129; Cabot v. Clearwater Construction Company, Fla. 1956, 89 So.2d 662; and Sexton v. Panning Lumber Company, Fla.App. 1972, 260 So.2d 898, cert. den., Fla. 1972, 271 So.2d 764.
It is true that where one corporation uses several names a correction can be made to show the actual entity sued. The present situation transcends that proposition. It was clear from the filing of the first amended complaint that there were two separate corporations. Extensive discovery was carried out. No misrepresentations were made nor is there a basis for implying misrepresentation. We hold that this is a situation in which the plaintiff knew of the existence of The Hertz Corporation from the beginning and chose to proceed in the suit after dropping The Hertz Corporation as a party defendant. A party must either be in a suit or out; there is no area of limbo where it is subject to recall. Once a party is dropped from a suit, that party can be joined again only by service of process. See Shannon v. McBride, Fla.App. 1958, 105 So.2d 16; Scott v. Permacrete, Fla.App. 1960, 124 So.2d 887.[1] We conclude, therefore, that appellant has demonstrated error under its second point and that the judgment against The Hertz Corporation must be reversed.
Accordingly, the judgment appealed is affirmed as to the defendant Hertz International, Ltd., and the judgment appealed is reversed as to The Hertz Corporation.
Affirmed in part and reversed in part.
NOTES
[1] We are mindful of the holding in Jefferson Realty of Fort Lauderdale, Inc. v. United States Rubber Company, Fla. 1969, 222 So.2d 738; however, we find the present case clearly distinguishable from the cited case on the basis of different circumstances, particularly with regard to the fact that the Jefferson Realty case does not give rise to the situation for which we cite the Shannon and Scott cases above.