432 So.2d 744 (1983)
Frank Joseph HESTON, Frank Joseph Heston, P.A., and Lawyers Professional Liability Insurance Company, Petitioners,
v.
Honorable Linda L. VITALE, Respondent.
No. 83-390.
District Court of Appeal of Florida, Fourth District.
June 8, 1983.
*745 William R. Scherer of Conrad, Scherer & James, Fort Lauderdale, for petitioners.
Kenneth D. Stern of Lavalle, Wochna, Rutherford & Brown, P.A., Boca Raton, for respondent.
HURLEY, Judge.
By petition for writ of prohibition we are asked to review a trial court's decision which reinstated a cause of action for two corporate plaintiffs that had previously filed notices of voluntary dismissal. We hold that the trial court acted in excess of its jurisdiction and, therefore, we grant the writ.
Initially, four plaintiffs filed suit against various defendants. As the litigation progressed, two corporate plaintiffs filed notices of voluntary dismissal pursuant to Rule 1.420(a)(1), Fla.R.Civ.P. Later, the trial court entertained and granted a motion to withdraw the voluntary dismissals. It is this action which forms the basis for the instant petition.
All parties acknowledge the principle that a trial court loses jurisdiction to reinstate a cause of action after the filing or announcement of a voluntary dismissal. Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla. 1978); McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980). The reinstated plaintiffs, however, seek to avoid the application of this principle by contending that it applies only when all plaintiffs take voluntary dismissals. In support of this position, they cite those cases which stand for the proposition that a voluntary dismissal can only be used to dismiss the entire action, not merely some of the parties or some of the counts. See, e.g., Deseret Ranches of Florida, Inc. v. Bowman, 340 So.2d 1232 (Fla. 4th DCA 1976); Shannon v. McBride, 105 So.2d 16 (Fla. 2d DCA 1958).
We agree with each of the foregoing cases, but cannot accept the interpretive gloss which the reinstated plaintiffs would have us adopt. Deseret Ranches, for example, dealt with an attempt to "voluntarily dismiss" one count in a two count complaint. The court held that Rule 1.420(a)(1) was not the proper vehicle to achieve this end. "Only an entire action may be voluntarily dismissed under ... [Rule] 1.420(a)(1); there can be no partial dismissal of less than all causes of action." Id. at 1233. In the same vein, Shannon v. McBride, supra, involved an attempt to dismiss one of several defendants. The court held that the plaintiffs' reliance on the voluntary dismissal rule was misplaced. The Rule "concerns the dismissal of an entire controversy as distinguished from the dismissal of individual parties or of a claim against one or more, but less than all, of the defendants." Id. at 19.
The parties have not cited, nor have we been able to locate, any case involving a voluntary dismissal by one or more of several plaintiffs. Nonetheless, we cannot discern any logical reason why Rule 1.420(a)(1) should not be operative in a multi-plaintiff context. The presence of multiple plaintiffs merely indicates a considered decision to consolidate independent actions. In our view, this does not justify the denial of an individual plaintiff's right to take a voluntary dismissal. Therefore, so long as an individual plaintiff dismisses its entire action against all defendants, we hold that it is entitled to utilize Rule 1.420(a)(1), Fla.R. Civ.P.
When an individual plaintiff in a multi-plaintiff context, elects to utilize the benefits of the voluntary dismissal rule, it must likewise suffer the burdens. The *746 Court noted as much in Randle-Eastern Ambulance Service v. Vasta, supra,
The benefit of the dismissal privilege must carry with it commensurate responsibility  responsibility for counsel, as an officer of the courts, to ascertain the need for and the consequence of a voluntary dismissal before removing a client's cause from the adjudicatory process which counsel has set in motion. Correlative with this responsibility must be the risk, like so many others which attend counsel's judgmental decisions in the course of a trial, that the action taken may prove prejudicial to the ultimate success of the litigation.
Id. at 69 (footnote omitted).
The court also noted that the effect of a voluntary dismissal is
to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction". If the trial judge loses the ability to exercise judicial discretion or to adjudicate the cause in any way, it follows that he has no jurisdiction to reinstate a dismissed proceeding.
Ibid.
Applying Randle-Eastern to the case at bar, we conclude that the trial court lacked jurisdiction to reinstate the two corporate plaintiffs (Anthony Capagna Enterprises, Inc., d/b/a Window Treatments by Jason, and Eric Window Products, Inc.). Accordingly, we grant the writ and prohibit the court from proceeding further with these two plaintiffs' litigation. Our decision does not inhibit the remaining plaintiffs from prosecuting their actions, nor does it inhibit the corporate plaintiffs from refiling and attempting to consolidate with the on-going litigation. However, we do not express any opinion as to the existence or merit of a statute of limitations defense.
WRIT OF PROHIBITION GRANTED.
DOWNEY and DELL, JJ., concur.