693 P.2d 1088

**Vernon MORTON and Caryle E. Morton, formerly Caryl E. Jones, Plaintiffs-Respondents,**

v.

**Reva RUGG, Defendant-Appellant.**

**No. 15065.**

Court of Appeals of Idaho.

Dec. 26, 1984.

Harold B. Smith, of Aherin, Rice & Brown, Lewiston, for defendant-appellant.

Joseph C. Adams, Lewiston, for plaintiffs-respondents.

PER CURIAM.

Reva Rugg has appealed from an order denying her motion to set aside a default

judgment. She asserts she is entitled to relief from the judgment under rules 55(c) and 60(b) of the Idaho Rules of Civil Procedure. She contends the district court's findings in support of its order are clearly erroneous and she seeks to have the case tried on its merits. For reasons set out below we reverse the order of the district court and remand the case for a trial on the merits.

Vernon and Caryl Morton commenced this action against Burton Schmidt and Reva Rugg to quiet title in certain real property in Nez Perce County, Idaho. The action arose from a dispute over boundaries. Plaintiffs claimed that a portion of their property lay within the fence surrounding Rugg's property. Rugg, an elderly woman, gave her son and her son-in-law power of attorney to act for her during this legal proceeding. Both Schmidt and Rugg filed answers and counterclaims against plaintiffs, alleging an ownership interest in the disputed property. A trial date was set. However, a week before trial, the attorney for plaintiffs, the attorney for Schmidt, and Rugg's attorney signed a written stipulation reading as follows:

> The parties hereto, by and through their duly authorized undersigned attorneys of record, stipulate and agree that defendant, REVA RUGG shall be withdrawn as a defendant in the above-entitled action and that the answer filed by the said defendant be stricken.

On page two of the instrument is an order which was signed by the district judge and entered by the clerk on September 20, 1982, as follows: "IT IS HEREBY ORDERED that the defendant, REVA RUGG be withdrawn as a defendant in the above-entitled action and that the answer filed by the said defendant is stricken."

On October 6, plaintiffs' attorney mailed Rugg's attorney a notice of intent to take default against her. On October 14, pursuant to the notice, plaintiffs' attorney moved for and obtained Rugg's default after filing an affidavit for default under I.R.C.P. 55(b)(2) which in part recited that Rugg's attorney, on her behalf, had "filed a Stipulation and Order to withdraw as defendant in the above entitled action and that the Answer she filed be stricken." The district court thereupon entered a default judgment for plaintiffs, quieting title to the disputed property against Rugg's claims.[1]

Rugg acknowledges receiving a copy of the judgment after its entry. It is undisputed, however, that neither Rugg nor her son and son-in-law had any knowledge before this time of the nature of the stipulation and order. Nor did they know in advance that Reva Rugg's default would be entered. Within a week of the judgment, Rugg filed a motion to have the default judgment set aside. She submitted affidavits in support of the motion and obtained new counsel to represent her. In opposition to the motion, plaintiffs filed an affidavit of Rugg's former attorney.

At the hearing on Rugg's motion no oral testimony was given. The district judge considered the affidavits in support of the motion to set aside the judgment and the affidavit of Rugg's former attorney in opposition. None of these affidavits addressed the specific language we have quoted from the stipulation and order. Rather, they differed sharply over whether the attorney had been given authority to settle the case by permitting a default to be entered against Rugg. The district judge weighed the opposing statements and refused to set aside the judgment. He decided that the attorney had been given the authority to do what he did in settlement of the case. This, Rugg argues on appeal, was error. She also argues the judge erred in the reasons he gave for denying her motion. We agree that the default judgment should have been set aside, but our focus is upon the stipulation and order entered prior to the judgment.

From the record it is apparent that the default entered against Rugg was based solely upon the stipulation and order.

1. At some point, not made clear in the appeal record, plaintiffs settled with defendant Schmidt. The decree quieting title in plaintiffs makes no mention of his claim to the property.

However, neither the stipulation nor the order provide any legal justification for entry of a default judgment against Rugg. The language of the order, like the language of the stipulation, is plain. It states:

> IT IS HEREBY ORDERED that the defendant, REVA RUGG *be withdrawn as a defendant* in the above-entitled action and that the answer filed by the said defendant is stricken. [Emphasis added.]

The affidavits later filed by the parties do not address the question of the meaning of this language. Consequently, we are left with a stipulation and order that do not authorize the entry of a default judgment against Rugg. When a party, by order, has been permitted to withdraw no valid default judgment can be entered against that party. *Hertz International, Ltd. v. Richardson,* 317 So.2d 824 (Fla.Dist.Ct. App.1975). The court no longer has personal jurisdiction over the party who has been withdrawn. *Scott v. Permacrete, Inc.,* 124 So.2d 887 (Fla.Dist.Ct.App.1960). Jurisdiction must be reestablished before judgment can be granted against a party dropped from the suit. *Hertz International, Ltd. v. Richardson, supra; Durham v. Pitts,* 101 Ga.App. 437, 114 S.E.2d 217 (1960). That did not occur here. We conclude, as a matter of law, that the default judgment should not have been entered and that it is void. *See First Security Bank v. Neibaur,* 98 Idaho 598, 605 n. 4, 570 P.2d 276, 283 n. 4 (1977).

We hold that the judgment should be set aside under I.R.C.P. 60(b)(4) because it is void. Therefore, we reverse the district court's order denying the motion to vacate the default judgment and remand the case to the district court for further proceedings consistent with this opinion. No attorney fees or costs on appeal.