490 So.2d 138 (1986)
Debra Ann MARTIN, f/k/a Debra Ann Long, As Personal Representative of the Estate of Zandra Melissa Long, a Minor, Deceased, Appellant,
v.
CONSOLIDATED CITY OF JACKSONVILLE, Appellee.
No. BI-477.
District Court of Appeal of Florida, First District.
June 10, 1986.
Rehearing Denied July 17, 1986.
*139 Joseph S. Farley, of Mahon & Farley, P.A., Jacksonville, for appellant.
Gerald A. Schneider, General Counsel, and Lee S. Carlin, Asst. Counsel, Consolidated City of Jacksonville, Jacksonville, for appellee.
ZEHMER, Judge.
We affirm the appealed order ruling that Duval County Hospital Authority, d/b/a University Hospital of Jacksonville, has been dropped as a party to appellant's wrongful death action.
The Authority was originally named a defendant and served with process on behalf of Zandra Melissa Long, a minor child, in her action for injuries sustained while a patient at University Hospital. After the minor child died, appellant was named personal representative and, pursuant to a consent order entered by the court, filed a pleading denominated "Amended Complaint" which sought damages for the death of the minor child and named the "Consolidated City of Jacksonville, a municipal corporation," as the only defendant. The Authority was no longer listed as a party. Appellant argues that the pleading was actually a supplemental complaint, not an amended complaint, because it was based on the death of the child, which occurred after the first complaint was filed, and that accordingly the Authority should still be treated as an active party-defendant since the original complaint has not been superseded by the supplemental complaint.
The so-called "Amended Complaint" partakes of elements of both a supplemental complaint and an amended complaint because it contains both allegations of matters occurring since the date of the pleading sought to be supplemented and amends the original action by alleging a cause of action against a completely new entity as a party and leaves out the prior party defendant. Rule 1.190, Fla.R.Civ.P. It is well established that when an amended complaint adding a party and dropping another party is filed with the consent of the court, the plaintiff effectively drops the latter as a party defendant, without prejudice, but cannot thereafter pursue the cause of action against that former party without renaming that entity as a party defendant and obtaining service of process anew on such party. Garrido v. Markus, Winter & Spitale Law Firm, 358 So.2d 577 (Fla.3d DCA 1978); Harris Paint Co. v. Multicon Properties, Inc., 326 So.2d 43 (Fla. 1st DCA 1976); Hertz International, Ltd. v. Richardson, 317 So.2d 824 (Fla. 3d DCA 1975); Scott v. Permacrete, Inc., 124 So.2d 887 (Fla. 1st DCA 1960). Hence, the trial court did not err in entering the appealed order.
Appellant's contention that naming the city as a defendant was merely a misnomer and not intended to effect the dismissal of the Hospital Authority as a party is not persuasive. That the Authority is a separate entity from the City of Jacksonville is a matter of public record, ch. 63-1305, § 7(a), and ch. 67-1320, § 24.01(7), *140 Laws of Florida, and neither the record nor appellant's brief contains any factual recitations that suggest any reason for excusing the deliberate substitution of the city for the Authority as the sole defendant.
AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.