PER CURIAM.
Appellants appeal a final judgment that orders them to pay appellees an award of attorney’s fees. These 132 appellants filed, along with 142 other plaintiffs, a three-count complaint against appellees, alleging unconscionability of rents and various statutory and contractual violations. The issues were bifurcated for trial. In 1983 a nonjury trial was held on the unconsciona-bility claim at which the count was dismissed and judgment entered in favor of appellees. In that final judgment the trial court expressly reserved jurisdiction, to award attorney’s fees against appellants, until disposition of Counts II and III. In 1984 these 132 appellants were dropped from the lawsuit. Counts II and III went to trial with the remaining 142 plaintiffs and final judgment was entered. In 1985 the trial court awarded attorney’s fees against appellants on all three counts of the complaint. Appellants contend on appeal that the trial court erred in entering this order because it lacked personal jurisdiction over them at the time.
We affirm that part of the final judgment awarding fees against appellants on Count I, but reverse as to Counts II and III. The trial court expressly reserved jurisdiction over Count I attorney’s fees which survives the subsequent dropping of the parties. However, once the parties were dropped, in personam jurisdiction over these appellants was lost and could only be regained by service of process on them. Federal Insurance Co. v. Fatolitis, 478 So.2d 106 (Fla. 2d DCA 1985).
*923 AFFIRMED IN PART; REVERSED IN PART.
LETTS, DELL and WALDEN, JJ., concur.