ON MOTION TO DISMISS
PER CURIAM.
Appellant seeks review of a summary judgment in favor of appellee. After the notice of appeal was filed, appellant sought and obtained leave of the trial court to amend his complaint and drop appellee as a party. Two other defendants remain as parties below. Appellee now moves to dismiss this appeal arguing that this court does not have jurisdiction over him, as he has been dismissed as a party in the lower tribunal. We do not agree and deny the motion to dismiss.
In support of his motion to dismiss, ap-pellee relies on Martin v. Consol. City of Jacksonville, 490 So.2d 138 (Fla. 1st DCA 1986). Martin, plaintiff below, filed a complaint for damages for injuries to a minor child, naming the Duval County Hospital Authority as a party. When the child died, Martin later filed a pleading denominated “Amended Complaint” which sought damages for the death of the child, but did not list the Authority as a party. The trial court ruled that the Authority had been dropped as a party from the original action and this court affirmed.
The facts of Martin are distinguishable from the case at hand. In Martin, plaintiff amended her complaint to add damages and dropped the Authority as a party. Here, the trial court has granted summary judgment in favor of appellee. An order which grants summary final judgment is an ap-pealable final order which meets the test of finality set out in S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974). Appellant has the right to appeal the order of the trial court. We do not agree with appel-lee’s suggestion that appellant is required to wait until this appeal is resolved before appellant may proceed in the lower tribunal.
The motion to dismiss is denied.
SHIVERS, C.J., and ERVIN and NIMMONS, JJ., concur.