WARNER, Judge.
The appellants/plaintiffs appeal from a fi-. nal order dismissing with prejudice the ap- *939 pellee/defendant, Five Star Rodeo, Inc. (Five Star), one of several defendants in appellants’ negligence suit. We reverse.
After appellant Patricia Biggers sustained injuries while attending a rodeo, appellants commenced this suit in April 1993 by filing a complaint against two defendants, the Town of Davie (Town) which owns the municipal arena, and Five Star, which appellants alleged had leased the arena from Town for the rodeo show. Concluding that Five Star had no involvement in the incident based on representations by Five Star, which were confirmed by the Town, appellants filed a notice of voluntary dismissal as to Five Star without prejudice. Appellants later amended the complaint to add other defendants.
Seventeen months after the voluntary dismissal, the Town’s community service supervisor testified in a deposition that the Town had a lease with Five Star during the relevant time period. Within a month, appellants sought leave to amend the complaint to add Five Star as a party, which leave was granted by the trial court. It is undisputed that Five Star was served with personal process of the Third Amended Complaint pursuant to Chapter 48, Florida Statutes, within the statutory limitations period prior to being rejoined.
Five Star successfully moved to dismiss the Third Amended Complaint with prejudice as to itself. Five Star contended that the trial court lacked jurisdiction to add it as a defendant and that to do so would have caused it unfair prejudice after having been voluntarily dismissed from the action almost eighteen months earlier, convincing the trial court that Shannon v. McBride, 105 So.2d 16 (Fla. 2d DCA 1958), controlled.
This case falls within Florida Rule of Civil Procedure 1.250(b) which permits dismissal of less than all party defendants. See, e.g., Freeman v. Mintz, 523 So.2d 606 (Fla. 3d DCA) (on denial of rehearing), dismissed, 534 So.2d 400 (Fla.1988); Fla.R.Civ.P. 1.250(b). Once a plaintiff announces it is taking a voluntary dismissal as against one of more than one defendants, the trial court is divested of in personam jurisdiction over the dropped defendant. Freeman, 523 So.2d at 610. However, the plaintiff may refile the action against the voluntarily dismissed party, if not otherwise time barred, and regain in personam jurisdiction over that once dropped party by service of process. See Krupa v. Mobilinium Assocs. V, 503 So.2d 922 (Fla. 4th DCA 1987); Hertz Int’l, Ltd. v. Richardson, 317 So.2d 824, 828 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 18 (Fla.1976).
Shannon, on which the trial court relied, affirmed the denial of plaintiffs motion for leave to file an amended complaint where leave was not requested until long after all defendants but one were dropped as parties and the action had been voluntarily dismissed as to the remaining defendant. Thus, there were no defendants remaining to support an amended complaint. See Shannon, 105 So.2d at 20. Five Star also cites Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68 (Fla.1978), and Heston v. Vitale, 432 So.2d 744, 745 (Fla. 4th DCA 1983), but those cases are both distinguishable as they concerned a motion to withdraw a voluntary dismissal.
In the instant case, appellants did not seek to withdraw their notice of voluntary dismissal. Rather, appellants filed an amended complaint adding Five Star as a party defendant to an action over which the trial court had retained subject matter jurisdiction because the action proceeded against remaining defendants. It was after the court granted the appellants leave to amend, and after Five Star was served with process of the Third Amended Complaint, thereby vesting the trial court with in personam jurisdiction over Five Star, that Five Star sought to have the Third Amended Complaint dismissed with prejudice.
Notably, Five Star concedes that appellants could have re-filed a separate complaint against it and then consolidated that complaint with the ongoing action against the remaining defendants. There is no reason to require a plaintiff to refile the case separately to rejoin a once-voluntarily dropped defendant when adding that defendant by way of amendment under these facts achieves an identical result, comports with judicial economy, and the trial court does not otherwise determine that the rejoined defendant suffers prejudice. There has been no showing *940 of prejudice in allowing the appellants to rejoin Five Star. As there is little discovery of record, there is no indication that Five Star will suffer any prejudice due to its lack of participation in the discovery conducted during the ongoing litigation after it was dropped.
Moreover, in light of Fabre v. Marin, 623 So.2d 1182 (Fla.1993), receded from in part on other grounds, Wells v. Tallahassee Memorial Regional Medical Ctr., 659 So.2d 249 (Fla.1995), Five Star’s negligence, if any, would be implicated in the action if any of the parties sought to reduce their own percentage of fault by pointing to Five Star’s negligence.
We reverse and remand with directions to reinstate the Third Amended Complaint against Five Star, and for further proceedings thereon.
GLICKSTEIN and POLEN, JJ., concur.