SCHWARTZ, Chief Judge.
Although the petitioner Sas was originally a co-defendant in the litigation below, the plaintiff subsequently filed an amended complaint against only the defendant Patten. This action, which dropped Sas as a party and terminated the proceedings as against her, see Martin v. Consolidated City of Jacksonville, 490 So.2d 138 (Fla. 1st DCA 1986), resulted in the trial court’s loss of jurisdiction over her person. See Biggers v. Town of Davie, 674 So.2d 938 (Fla. 4th DCA 1996); Federal Ins. Co. v. Fatolitis, 478 So.2d 106 (Fla. 2d DCA 1985); Hertz Int'l, Ltd. v. Richardson, 317 So.2d 824 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 18 (Fla.1976). Her application for writ of prohibition to preclude the trial court from the entry of orders against her absent the service of new process or of an appropriate subpoena is therefore granted.
Prohibition granted.[1]

. We are sure that it will be unnecessary to issue the formal writ.