IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AMERICAN PLATINUM PROPERTY
AND CASUALTY INSURANCE COMPANY,

      Appellant,

v.

DAVID SWANK,

      Appellee.

Case No.  5D21-1299
LT Case No. 2017-31681-CICI

_____/

Decision filed August 19, 2022

Appeal from the Circuit Court
for Volusia County,
Leah R. Case, Judge.

Andrew A. Labbe, of Groelle &
Salmon, P.A., Maitland, for
Appellant.

Nicholas A. Shannin and Carol B.
Shannin, of Shannin Law Firm, P.A.,
Orlando, for Appellee.


PER CURIAM.

     AFFIRMED.

LAMBERT, C.J., and HARRIS, J., concur.
TRAVER, J., concurs specially, with opinion.

TRAVER, J., concurring specially.

I concur in the disposition of this case, but I write separately to explain why I think we reached the correct conclusion despite the behavior of trial counsel for Appellee, David Swank.[1]  We were asked to consider whether the trial court abused its discretion in denying a motion for leave to amend a motion for trial de novo filed by Appellant, American Platinum Property and Casualty Insurance Company ("American").  American's trial counsel[2] contended he made a simple scrivener's error.  Swank's trial counsel accused him of making serious misrepresentations to the trial court and insisted Swank prevailed as a matter of law.  Although every trial lawyer's actions and inactions in this matter leave much to be desired, the trial court did not abuse its discretion in denying American's motion.  Therefore, I agree we must affirm.

This dispute involves insurance coverage. Swank initially sued American and two other parties, Universal Property & Casualty Insurance

---

[1] Swank had two trial counsel, neither of whom represented him on appeal.

[2] American's trial counsel also represented it through appellate briefing, but he is no longer associated with the firm of record.

2

Company ("Universal Property") and Universal Risk Advisors, Inc. ("Universal Risk"), alleging that he had suffered a covered loss on his home. American's trial counsel also represented the other two defendants. On Universal Property's behalf, he initially filed an answer and affirmative defenses. Thereafter, counsel moved to dismiss Swank's lawsuit against both Universal Property and Universal Risk, attaching a copy of the operative insurance contract and highlighting that neither was the entity that insured Swank.

Presumably hard-pressed to argue that Universal Property or Universal Risk had any liability in this context, Swank's trial counsel asked American's trial counsel if he would agree not to oppose the filing of an amended complaint that solely named American. *See* Fla. R. Civ. P. 1.190(a). American's trial counsel agreed, subject to Swank's trial counsel's agreement to drop Universal Property and Universal Risk from the case. Swank's trial counsel cordially memorialized this understanding in writing, and Swank filed his amended complaint against American without opposition. Swank never sought relief of any kind from the parties his trial counsel had agreed to drop, and he did not mention them in his amended pleading. Critically, though, Swank's trial counsel never dropped Universal Property or Universal Risk from the lawsuit by following the appropriate rule

3

of civil procedure. *See* Fla. R. Civ. P. 1.250(b) (stating that parties may be dropped through the procedure outlined in Florida Rule of Civil Procedure 1.420(a)(1)). If American ever pursued Swank's failure to honor counsel's agreement, our record does not reflect it.

The trial court later referred the matter to non-binding arbitration. *See* § 44.103, Fla. Stat. (2020); Fla. R. Civ. P. 1.820. American and Swank were the only parties who participated. Ultimately, the arbitrator determined that American owed Swank $220,899.07, plus interest, costs, and reasonable attorney's fees to be set by the trial court. The arbitrator did not mention Universal Property or Universal Risk in his award; indeed, throughout the award, he referred to American as the only "Defendant."

If a party to a non-binding arbitration award does not timely file a motion for trial de novo, the decision becomes binding. *See* § 44.103(5); Fla. R. Civ. P. 1.820(h). In a multi-party case, each party who wants a new trial must file an individual motion seeking this relief. *See Quaregna v. Strategic Performance Fund II, Inc.*, 943 So. 2d 265, 267 (Fla. 4th DCA 2006). American's counsel timely filed this motion. Unfortunately, he sought trial de novo only for Universal Property. Swank's trial counsel did not inform American's trial counsel that he had filed the motion on Universal Property's behalf. Rather, they waited for the operative deadline to pass and then filed

4

a motion to enforce the arbitration judgment, emphasizing that American had not sought a trial de novo.

American's trial counsel immediately filed a motion to strike Swank's motion to enforce, as well as the motion to amend Universal Property's initial demand for trial de novo that is the subject of this appeal. He insisted that American had committed a simple scrivener's error and that it, and not Universal Property, meant to file the motion. In support, he attached what he claimed was a copy of the motion he had filed. Again, unfortunately, this was not true. Instead, it was an unfiled motion that had been edited to name American as the moving party.

The trial court set the matter for hearing; and in the interim, the parties both took action. First, Swank submitted his response in opposition to the relief American sought. In it, Swank's trial counsel did not acknowledge that they had failed to uphold their agreement to drop Universal Property from the lawsuit. Instead, they insisted that Universal Property was still a party. Further, they accused American's trial counsel of lying to the trial court and fabricating a document. In the second filing, American's trial counsel submitted two affidavits explaining that his associate had mistakenly filed the initial motion and that his legal assistant had erred in attaching the wrong

5

document to his motion for leave to amend. Neither affidavit was signed. American did not request an evidentiary hearing.

The trial court conducted a hearing, at which it took no evidence. Swank's trial counsel again declined to volunteer that they had failed to honor their agreement to drop Universal Property. Instead, they doubled down on their legal and factual reasons why the trial court should enforce the arbitration award. They also highlighted American's failure to adduce any evidence whatsoever to support its contention that it had committed a simple clerical error. *See* Fla. R. Civ. P. 1.540(a). In response—and for a third time, unfortunately—American's trial counsel claimed that he did not know how to file signed affidavits electronically.[3] He also never mentioned that Swank's trial counsel had reneged on their promise to drop Universal Property as a party.

The trial court denied American's motion. It did not embrace Swank's theory that American's trial counsel had acted deceptively, but it concluded American's trial counsel had offered no evidence to support his contentions that his associate and legal assistant had made excusable mistakes. American subsequently submitted signed and notarized versions of the

---

[3] Eight days had passed since the trial court set the hearing.

previously filed affidavits to no avail; the trial court entered final judgment in Swank's favor.

We review the trial court's denial of American's motion for leave to amend its motion for trial de novo for an abuse of discretion. *See Yun Enters., Ltd. v. Graziani*, 840 So. 2d 420, 422 (Fla. 5th DCA 2003). American makes two arguments for reversal. Both lack merit, but for different reasons.

First, American contends that by failing to include Universal Property in his amended complaint, Swank **dropped** Universal Property from the lawsuit. When a plaintiff **removes** a defendant from a pleading via amendment, the trial court loses personal jurisdiction over the removed party. *See, e.g., Lincoln Mews Condo. v. Harris*, 276 So. 3d 344, 348 (Fla. 3d DCA 2019); *Sas v. Postman*, 687 So. 2d 54, 55 (Fla. 3d DCA 1997) (citing *Martin v. Consol. City of Jacksonville*, 490 So. 2d 138, 139 (Fla. 1st DCA 1986)). Accordingly, the plaintiff cannot regain personal jurisdiction until the removed party is served or waives its ability to challenge this issue. *Lincoln Mews*, 276 So. 3d at 348; Fla. R. Civ. P. 1.140(b) (stating that challenges to personal jurisdiction are deemed waived unless raised specifically and with particularity in responsive motion or pleading).[4] This is not what happened

---

[4] American's reliance on *Shannon v. McBride*, 105 So. 2d 16, 18 (Fla. 2d DCA 1958), is misplaced because it predates the adoption of rule 1.250. *See In re Fla. Rules of Civ. Proc.*, 211 So. 2d 206 (Fla. 1968), *amended,*

here.  Swank took no action against Universal Property.  Instead, Universal Property sought affirmative relief by demanding a trial de novo.  I agree with American that it makes no sense why Universal Property—a non-party to the insurance contract under which Swank sought relief—would challenge an arbitration award against American.  But I can envision situations where a removed party, such as an excess proceeds carrier, might challenge a non-binding arbitration in which it did not participate.  Accordingly, American's first argument fails; it needed Swank's counsel to honor their promise to drop Universal Property from the case by complying with rule 1.250(b).

Second, American generally claims that it is unfair that Swank should benefit from his trial counsel's failure to keep their word.  Viewed charitably, he appears to lodge a plea for equitable estoppel.  The elements of equitable estoppel are: "(1) a representation as to a material fact that is contrary to a later-asserted position, (2) reliance on that representation, and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon."  *State v. Harris*, 881 So. 2d 1079, 1084 (Fla. 2004).  Certainly, it would appear that American has a colorable basis to raise this doctrine.  But American failed to raise it below.  *See Archer v.*

---

*Winner v. Westwood*, 237 So. 2d 151 (Fla. 1970) (adopting rule 1.250 and incorporating reference to rule 1.420).

8

*State*, 613 So. 2d 446, 448 (Fla. 1993) (holding that to preserve issue for appeal, issue "must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation" (quoting *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985))). Further, a party asserting equitable estoppel must prove its elements by clear and convincing evidence. *See Lovejoy v. Poole*, 230 So. 3d 164, 166 (Fla. 5th DCA 2017). Here, American adduced no evidence to support this argument.

For these reasons, I vote to affirm. But Swank's trial counsel should take no pride in this disposition or my explanation for joining it. Lawyers have a duty of candor to the court. They should also keep their promises to one another.