96 So.2d 215 (1957)
George M. CRUMP, Appellant,
v.
GOLD HOUSE RESTAURANTS, Inc., a Florida corporation, and Glen Rush and Ann Rush, individually and as Directors of Gold House Restaurants, Inc., and E.G. Musleh and William Blowers, Appellees.
Supreme Court of Florida, Division A.
June 28, 1957.
*216 Green & Bryant, Ocala, for appellant.
Charles A. Savage, Ocala, for appellees.
ROBERTS, Justice.
This appeal is concerned with the so-called "two-dismissal" rule contained in Rule 1.35(a) (1) of the Florida Rules of Civil Procedure, 30 F.S.A. This rule authorizes the voluntary dismissal by plaintiff of his suit "at any time before service by the adverse party of an answer or of a motion for summary judgment or decree" and provides that "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal shall be without prejudice, except that a dismissal shall operate as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this State an action based on or including the same claim."
*217 In a suit filed by plaintiff-appellant George M. Crump against the defendant corporation and individual defendants, appellees here, the lower court held that the suit was barred under the two-dismissal rule, and plaintiff has appealed. He here contends that the rule is not applicable to his suit for the reasons, among others, that (1) he was not bound by the voluntary dismissals of the two previous suits because he was not a party thereto, (2) the prior suits were not based on and did not include the same claim as that asserted in the instant suit, and (3) the defendants filed an answer and motion for summary judgment in the first suit prior to the voluntary dismissal of that suit.
The background against which these contentions are made is, briefly, as follows: A suit for an injunction was filed on May 2, 1955, by one Crowder against two of the individual defendants named in the instant suit, who are directors of the defendant corporation, and a temporary restraining order was issued on that date. On May 4, 1955, defendants filed a pleading labeled "Motion to Dissolve Temporary Injunction and Restraining Order", which was, in fact, a complete answer to the complaint and which prayed that, if the temporary restraining order was dissolved, the court "enter a decree including an award to them for all of their costs and damages, including attorney's fees, resulting from the issuance of said injunction". After a hearing, and on the same date, the lower court entered an order the effect of which was to allow the plaintiff forty-eight hours in which to file a $5,000 bond conditioned to pay any costs or damages incurred by defendants as a result of the temporary restraining order. On May 6, the plaintiff Crowder having failed to file the bond, an order was entered dissolving the temporary restraining order.
In the meantime, on May 4, 1955, the second suit had been filed against the same individual defendants and the defendant corporation, this time by Crowder and Mary Elizabeth Crump, the daughter of George Crump and a stockholder of the defendant corporation. This suit prayed for the same injunctive relief asked for in the first suit and for additional relief in the form of an accounting, a receivership, and dissolution of the corporation.
On May 11, 1955, a notice of voluntary dismissal "without prejudice" was filed in each of these suits, signed by the attorney who represented both plaintiffs in the suits.
On May 12, 1955, the defendants filed in the first suit a "Motion to Set Aside Notice of Dismissal Insofar as It Relates to Counterclaim for Attorney's Fees and Costs of the Defendants and for Adjudication of Attorney's Fees and Judgment for Attorney's Fees and Costs against Thomas Crowder and George Crump", in which the defendants alleged that they had theretofore filed in the suit a motion to dissolve the injunction, which motion "contained an answer to the Complaint and a counterclaim asking for summary judgment on the question of costs and attorney's fees for the illegal issuance of the injunction" and asking the court "to construe the plaintiff's notice of dismissal as only dismissing the plaintiff's Complaint and leaving for adjudication the issues presented by the defendants' motion for costs and attorney's fees * * *." On May 19, 1955, after a hearing, the lower court entered an order finding that the plaintiff has a right to enter a voluntary dismissal of the action herein", adjudicating that "the voluntary dismissal of the plaintiff, Thomas Crowder, is hereby ratified and confirmed, said dismissal being without prejudice," and denying the claim of the defendants for damages and attorney's fees. A petition for rehearing as to this order was filed by the defendants on May 27, 1955 and remains undisposed of, so far as the record here shows.
In the meantime, on May 18, 1955, the third and instant suit had been filed by the plaintiff-appellant here, George Crump, who had acquired from his daughter on May 12, 1955, her shares of stock in the defendant *218 corporation. On June 1, 1955, the defendants filed a Motion for Summary Judgment of Dismissal with Prejudice as to this third suit, on the ground that George Crump was the "real party in interest" in the two prior suits and, as such, was bound by the voluntary dismissals thereof, so that the two-dismissal rule barred his suit. The motion was granted, petition for rehearing was denied, and this appeal followed.
As to plaintiff's first contention, the question of whether the two-dismissal rule is binding upon a "real party in interest" need not be decided, since the order here reviewed must be reversed for reasons hereafter stated.
As to plaintiff's second contention, there is some merit to his argument that the first suit was not based on and did not include the same claims asserted in the instant suit. The first suit sought only an injunction against the defendant-directors' holding a meeting of the board of directors of the corporation for the purpose of selling or issuing unissued stock or increasing the membership of the board without an election by the stockholders on the ground that such action was not authorized by the charter and was for the purpose of gaining control of the corporation by the defendant directors. The instant suit, filed by plaintiff in his own name, did not seek an injunction; it contained allegations of fraud and mismanagement on the part of the defendant, Glen Rush, not contained in the complaint filed in the first suit, and prayed for an accounting, a receiver, the dissolution of the corporation, and damages, and that the pretended issuance of stock made to the defendant Glen Rush be declared null and void and cancelled on the corporate records. Since Rule 1.35 is almost identical with Rule 41 of the Federal rules, 28 U.S.C.A., and was patterned thereafter, the federal court decisions interpreting their rule are persuasive here. And it was said in Harvey Aluminum, Inc., v. American Cyanamid Co., 2 Cir., 1953, 203 F.2d 105, 108, that "Rule 41(a) 1 provides for the voluntary dismissal of an `action' not a `claim'; the word `action' as used in the Rules denotes the entire controversy, whereas `claim' refers to what has traditionally been termed `cause of action.'" It is clear that a suit for an injunction which questions the authority and good faith of corporate directors in proposing to issue unissued stock and to increase the membership of the board is not on the same "cause of action" as a suit alleging fraud and mismanagement on the part of the managing director of a corporation, and praying for an accounting, a receivership, and a dissolution of the corporation, since the facts necessary to the maintenance of such suit are not essentially the same as those which would have been relied upon to establish the right to the relief prayed for in the first suit. See Gordon v. Gordon, Fla. 1952, 59 So.2d 40, 43. And certainly, as to these aspects of the third suit, the voluntary dismissal of the first suit cannot operate under the two-dismissal rule as a bar to the third suit. Cf. Esquire, Inc., v. Varga Enterprises, 7 Cir., 185 F.2d 14.
As to plaintiff's third contention, the decision of a federal court in Robertshaw-Fulton Controls Company v. Noma Electric Corporation, D.C.Md. 1950, 10 F.R.D. 32, 35, is pertinent here. There, the contention was made that the two-dismissal rule was not available to the defendant because of the defendant's filing a motion to dismiss for want of jurisdiction prior to the filing of a notice of voluntary dismissal by plaintiff. The federal court said: "If defendant's motion, filed on March 2, to dismiss the complaint for want of jurisdiction is to be treated as a motion for summary judgment, then defendant may not invoke the `two-dismissal' Rule, because the notice of dismissal relied upon must, under the Rule, antedate an answer or a motion for summary judgment which would not be true in the present case because the notice of dismissal was not filed in this Court until July 22."
*219 Here, as noted above, the defendants' motion to dissolve the temporary restraining order entered in the first suit contained an answer to the complaint in that cause and a prayer for the entry of a decree for their costs, damages and attorney's fee, denominated by defendants "a counterclaim asking for summary judgment on the question of costs and attorney's fees" in their motion to set aside the voluntary dismissal of the first suit, referred to above. Thus, the situation here is the same as that hypothesized in the Robertshaw-Fulton case, supra. And we agree with the federal court's statement in the Robertshaw-Fulton case, quoted above, that the two-dismissal rule may not be invoked in such a situation. This is so because the two-dismissal rule must be strictly construed, as it is in derogation of a previously existing right, cf. Rader v. Baltimore & Ohio R. Co., 7 Cir., 108 F.2d 980; and since the voluntary dismissal in the first suit was filed after an answer had been filed by the defendants, it was not authorized under paragraph (1) of Rule 1.35(a) and could properly be given legal effect only under the provisions of paragraph (2) of Rule 1.35(a), that is, "upon order of the court and upon such terms and conditions as the court deems proper." See Wilson & Co. v. Fremont Cake & Meal Co., D.C.Neb. 1949, 83 F. Supp. 900, 902, 903. This was what was actually done in the instant case, despite the language of the trial judge "ratifying and confirming" the plaintiff's voluntary dismissal of the first suit. There is nothing in Rule 1.35(a) to indicate that a voluntary dismissal obtained by order of court under paragraph (2) thereof will be counted against a plaintiff under the two-dismissal rule contained in paragraph (1). Giving the Rule the strict interpretation that it should receive, we think a plaintiff is entitled to one free dismissal of his suit under paragraph (1) of Rule 1.35(a) before a subsequent voluntary dismissal thereunder will operate against him as an adjudication on the merits under the two-dismissal rule. Here, the only voluntary dismissal legally and properly taken by the plaintiff under Rule 1.35(a) (1) was that filed in the second suit. Thus, the third suit is not barred under the two-dismissal rule, even if it be assumed that the plaintiff in the instant suit was bound by the dismissals in the first two suits (which is not decided, since it is unnecessary).
For the reasons stated, the decree appealed from should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
TERRELL, C.J., and THOMAS and THORNAL, JJ., concur.