479 P.2d 468

W. Smoot BRIMHALL, Commissioner of Financial Institutions of the State of Utah, Plaintiff and Respondent,

v.

SEAGULL INVESTMENT COMPANY, Defendant and Appellant.

No. 12064.

Supreme Court of Utah.

Dec. 31, 1970.

Ronald C. Barker, Salt Lake City, for defendant and appellant.

Dallas H. Young, Jr., Provo, for plaintiff and respondent.

TUCKETT, Justice:

The plaintiff, pursuant to the authority granted him by the statutes of the state of Utah, took possession of the business and assets of Utah Savings & Loan Association for the purpose of liquidating its business. The plaintiff filed this action in the District Court of Utah County to foreclose a deed of trust executed by the defendant to the Utah Savings & Loan Association. The court below granted judgment in favor of the plaintiff and the defendant appeals.

The sole issue presented by the defendant's appeal is whether or not the present action is barred by reason of two prior dismissals of actions containing the same claim.

On October 25, 1966, the Utah Savings & Loan Association commenced an action in the District Court seeking to foreclose the deed of trust we are concerned with in the present case. The number assigned the first action was 30293. No summons was issued in the action until October 30, 1968, which summons was served upon the defendant on November 3, 1968. The defendant moved to quash the summons because the same was not served within the time limited by Rule 4(b), Utah Rules of Civil Procedure. The Court granted defendant's motion to quash and subsequently the plaintiff filed a notice of dismissal pursuant to Rule 41(a) (1).

The record before us reveals that only one summons was issued in Case No. 30293, and that that summons was quashed on motion of the defendant. The record reveals that Case No. 30293 was the only action commenced prior to the one we are here concerned with. That is the only prior action voluntarily dismissed by the plaintiff.

The Court below held that the two-dismissal rule under the provisions of Rule 41(a) (1), Utah Rules of Civil Procedure did not apply in this case.[1] We are of the opinion that the trial court was correct in that determination and the judgment of the court is affirmed. The plaintiff is entitled to costs.

CROCKETT, C. J., and HENRIOD, CALLISTER and ELLETT, JJ., concur.

---

1. Thomas v. Braffet's Heirs, 6 Utah 2d 57, 305 P.2d 507; Crump v. Gold House 65 A.L.R.2d 637 Robertshaw-Fulton Restaurants, Inc., (Fla.), 96 So.2d 215, Controls Co. v. Noma Electric Co., 10 F.R.D. 32.