DOWNEY, Judge.
This is an appeal from a final judgment of the circuit court entered in favor of ap-pellees, who were three of the defendants below. The question on appeal involves the application of Rule 1.420(a)(1), 30 F. S.A., RCP.
Appellant sued appellees and five other defendants in four counts. After service of process was had but before responsive pleadings were filed, appellant on March 24, 1972, filed a notice of voluntary dismissal on all counts as to appellees and on Counts I and II as to the other named defendants, leaving Counts III and IV pending as to those defendants. Within a few days, and once again before any responsive pleadings were filed by any defendants, appellant filed an amended complaint in seven counts against the original eight defendants. Appellees moved to strike and to dismiss the amended complaint with prejudice pursuant to Rule 1.420(a)(1), on the ground that the voluntary dismissal of March 24, 1972, constituted a second voluntary dismissal by appellant of the same claims against appellees.
Appellees’ motion to strike and dismiss recited that appellant had sued appellees in the small claims court on the same causes of action and had taken a voluntary dismissal there. Thus, asserted appellees, Rule 1.420(a)(1), the two dismissal rule, required that the amended complaint be dismissed. On that basis the circuit court dismissed the amended complaint with prejudice.
There is . some question as to whether the dismissal of the small claims court cases was by notice or by court order. This distinction is significant because if the dismissal was by court order without prejudice, it was not chargeable against appellant under Rule 1.420(a)(1). Crump v. Gold House Restaurants, Fla.1957, 96 So.2d 215, 65 ALR 2d 637. It appears from the record that appellant announced its intention to take a voluntary dismissal in open court and that the small claims court judgment merely confirmed what appellant had already accomplished under the rule.
Be that as it may, the two dismissal rule applies only to dismissal of an entire action or controversy as to all defendants; it does not apply to a dismissal of any claim or cause of action against one or more, but less than all, of the defendants named in the complaint. Scott v. Permacrete, Inc., Fla.App.1960, 124 So.2d 887, Cooper v. Carroll, Fla.App.1970, 239 So.2d 511. Therefore, although appellant on March 24, 1972, did file a notice of voluntary dismissal, such filing was insufficient to permit the circuit court to apply the two dismissal rule to appellant, because that notice did not involve all the defendants in the action. Since no responsive pleading had been filed by any defendant, appellant was entitled as a matter of right to file an amended complaint, without leave of court. Rule 1.190(a), RCP. Thus, the only effect the notice of voluntary dismissal of March 24, 1972, had was the withdrawal of appellant’s original circuit court complaint and the ’substitution therefor of appellant’s amended complaint.
We therefore hold that the circuit court erred in dismissing the amended complaint of March 29, 1972. Accordingly, the final judgment of dismissal is reversed and the cause remanded for further proceedings.
Reversed.
CROSS and MAGER, JJ., concur.