448 So.2d 546 (1984)
VARIETY CHILDREN'S HOSPITAL, a Florida Corporation, f/u/b/o Continental Insurance Company, a Foreign Corporation, Lexington Insurance Company, a Foreign Corporation, and United States Fire Insurance Company, a Foreign Corporation, Appellants,
v.
MT. SINAI HOSPITAL OF GREATER MIAMI, INC., and Travelers Indemnity Company, Appellees.
No. 83-1322.
District Court of Appeal of Florida, Third District.
March 27, 1984.
Rehearing Denied May 2, 1984.
Gerald E. Rosser, Miami, for appellants.
Adams, Hunter, Angones & Adams and Christopher Lynch, Miami, for appellees.
Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
The issue presented in this appeal is whether the voluntary dismissals of two prior actions, one seeking indemnity and contribution and the other seeking declaratory relief to establish insurance coverage, bar a third lawsuit arising out of the same factual background. We hold that the two-dismissal rule of Florida Rule of Civil Procedure 1.420 authorized the trial court to enter final summary judgment for appellees. We therefore affirm.
In 1978, Variety Children's Hospital filed suit against Mt. Sinai, Travelers Insurance Company and others, seeking contribution *547 and indemnity for liability resulting from the alleged negligence of Dr. Mario Nanes. Variety's action was the result of a lawsuit instituted against Variety by Thomas and Sharon Perkins seeking damages for Dr. Nanes's negligence. See Variety Children's Hospital, Inc. v. Perkins, 382 So.2d 331 (Fla. 3d DCA 1980). Variety voluntarily dismissed its action.
In 1979, Variety, joined by its insurer, Continental Insurance Company, filed a petition for declaratory relief. The declaratory action repeated the allegations that Dr. Nanes was negligent while serving at Variety pursuant to a contract between Variety and Mt. Sinai. Variety sought a declaration of the extent of insurance coverage under the Travelers' policy. Again, Variety voluntarily dismissed its action.
In 1981, Variety and other appellants sought indemnity and contribution from Mt. Sinai and Travelers based on Dr. Nanes's negligence. This action terminated when the trial court granted summary judgment in favor of appellees. The court ruled that the second dismissal operated as an adjudication on the merits, barring the third lawsuit. Disagreeing with the trial court's decision, Variety and its insurers appealed. They contend that the first two lawsuits were not based upon the same claim and therefore did not operate to bar the third action.
The effect of multiple voluntary dismissals appears in Florida Rule of Civil Procedure 1.420 which provides:
(a) Voluntary Dismissal; Effect thereof.
(1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim. If a lis pendens has been filed in the action, a notice or stipulation of dismissal under this paragraph shall be recorded and cancels the lis pendens without the necessity of an order of court. (emphasis supplied)
To apply the rule to the case before us, we must review the prior pleadings and determine whether the dismissed actions are based on or include the same claim. We turn for guidance to Crump v. Gold House Restaurants, 96 So.2d 215 (Fla. 1957). In Crump the court explained that the word "action" denotes an entire controversy whereas "claim" describes a "cause of action." See Wright & Miller Federal Practice and Procedure-Civil, § 2368. Citing Gordon v. Gordon, 59 So.2d 40 (Fla. 1952), the Crump court found that fraud and mismanagement, accounting and injunction claims were sufficiently different to preclude invocation of the two-dismissal rule.
Gordon examines the issue in the context of res judicata. Res judicata applies when four factors are present: (1) identity in the thing sued for, (2) identity of the causes of action, (3) identity of persons and parties to the actions, and (4) identity of quality or capacity of person against whom the claim is made. See Matthews v. Matthews, 133 So.2d 91 (Fla. 2d DCA 1961). In Crump the primary focus of the two-dismissal rule is on identity of the causes of action.
In Florida, the test for deciding whether there is identity of causes of action rests upon a comparison of the facts constituting the underlying transaction. See Gordon; Betts v. Betts, 63 So.2d 302 (Fla. 1953); Restatement of Judgments § 61 comment b (1942); Restatement (Second) of Judgments §§ 24, 25 (1982).
*548 The Restatement (Second) of Judgments section 24 comment a (1982) provides in part:
The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.
Similarly, section 25 comment f provides in part:

Successive actions for different remedies. As the result of a single transaction or a connected series of transactions giving rise to a unitary claim, the plaintiff may be entitled to a number of alternative or cumulative remedies or forms of relief against the defendant. In a modern system of procedure it is ordinarily open to the plaintiff to pursue in one action all the possible remedies whether or not consistent, whether alternative or cumulative, and whether of the types historically called legal or equitable.
Examining the claims in the case before us, we find that both actions raised issues of contribution, indemnity and subrogation arising from liability incurred in the Perkins action. Although the remedies requested differed, the underlying transaction was the same. The first complaint alleged that Dr. Nanes was an employee of Mt. Sinai Hospital, that he had been negligent, and that Mt. Sinai and Travelers were subject to liability for his negligence. The declaratory relief sought in the second action pertained to the extent of the insurance coverage available under Travelers' policy for Dr. Nanes's negligence. In both actions, the same evidence would serve as the basis for proving the transaction and Mt. Sinai's liability. Thus, despite the pleading of different remedies, contribution, indemnity and declaratory relief, it is evident that the claims represent the same cause of action under Crump. Accordingly, the dismissal of the first two actions operates as a bar to the filing of a third complaint by Variety and by those in privity with Variety, including its insurers.
For these reasons, we affirm the Final Summary Judgment.