583 So.2d 1110 (1991)
UNITED TECHNOLOGIES COMMUNICATIONS COMPANY, Appellant,
v.
CARLSON CONSTRUCTION COMPANY, and Liberty Mutual Insurance Company, Appellees.
No. 90-2156.
District Court of Appeal of Florida, Third District.
August 6, 1991.
Rehearing Denied September 9, 1991.
Eliot R. Weitzman, Miami, for appellant.
O'Connor, Sinclair & Lemos and Christopher Lemos, Coral Gables, for appellees.
Before BASKIN, JORGENSON and LEVY, JJ.
BASKIN, Judge.
United Technologies Communications Company [UTC] appeals a final judgment. We reverse.
Mercy Hospital contracted with UTC to install telecommunications equipment and contracted with Carlson Construction Company [Carlson] to remodel its third floor to accommodate the equipment. During the course of construction, Carlson drilled holes in the fourth story floor; these holes were not filled. Consequently, an acid solution being used to clean the fourth floor tile leaked through the holes and corroded the equipment on the third floor. UTC repaired the damaged equipment. Some time later, continuing acid corrosion made additional repairs necessary. UTC again made the repairs.
Mercy Hospital sued UTC and Carlson to recover the cost of the repairs. Carlson cross-claimed against UTC for contribution, but later voluntarily dismissed its cross-claim. The trial court entered a directed verdict against Carlson for the cost of the initial repairs, and a judgment pursuant to a jury verdict against UTC and Carlson, jointly and severally for the amount of the subsequent repairs. UTC appealed. Carlson then filed a motion for judgment against UTC for the amount of the subsequent repairs. The trial court denied the motion. Carlson appealed. The appeals were consolidated. This court reversed the final judgment against UTC and ordered that judgment be entered in UTC's favor. United Technologies Communications Co. v. Industrial Risk Ins., 501 So.2d 46 (Fla. 3d DCA 1987).
Carlson then sued UTC under a theory of equitable subrogation for the amount of its liability to Mercy, but Carlson voluntarily dismissed its action. After satisfying Mercy's judgment, Carlson again sued UTC for equitable subrogation to recover the expenses it incurred from UTC's failure to *1111 clean the equipment properly after the initial spill. The trial court entered final judgment in Carlson's favor. UTC appeals.
Pursuant to Rule 1.420, Florida Rules of Civil Procedure, a voluntary dismissal "operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim." The test for determining whether prior voluntary dismissals act to bar a subsequent lawsuit is enunciated in Variety Children's Hosp. v. Mt. Sinai Hosp., 448 So.2d 546 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla. 1984). Here, as in Variety Children's Hosp., the actions were all predicated on the same transaction and the same facts; "the same evidence would serve as the basis for proving the transaction... ." Variety Children's Hosp., 448 So.2d at 548. Although Carlson advanced different theories for recovery, the three lawsuits are predicated on the same underlying claim. The third lawsuit was therefore barred by the dismissals in the first two actions. For these reasons, we reverse the final judgment and remand for entry of a judgment in UTC's favor.
Reversed and remanded.