SCHWARTZ, Chief Judge.
Because the plaintiffs-mortgagors had previously taken a voluntary dismissal of an identical action brought in Illinois — claiming that the defendant had extracted excessive payments in “servicing” their mortgages— the order of dismissal under review, entered upon their motion “for a non-suit without prejudice,” acted as an adjudication on the *1100 merits. Pla.R.Civ.P. 1.420(a)(1); Tinsley v. McDonald, 378 So.2d 816 (Fla. 3d DCA 1979). We therefore agree with the appellant’s position that the order of dismissal should have been “with” rather than without prejudice. The trial court shall amend the dispositive order of dismissal accordingly after remand.
We also reverse the denial of costs to the appellant, which are mandated by Florida Rule of Civil Procedure 1.420(d). The trial court was correct, however, in refusing to assess attorney’s fees as part of the costs. See Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993). This is so because the appellant is not entitled to fees, as it claims, under either the agreement or the Illinois statute involved in the plaintiffs’ action:
(a) The mortgage contracts in question provided only for fees to a successful mortgagee; the appellant, in contrast, is the servicing agent for the mortgagees, and hence does not qualify under this provision. Baldoria v. Security Realty Inv., Inc., 581 So.2d 189, 191 (Fla. 3d DCA 1991), review denied, 592 So.2d 679 (Fla.1991).
(b) Depending on which Illinois appellate court one believes, an award of fees to a successful defendant under the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Ann.Stat. Ch. 121½, para. 270a(c) (Smith-Hurd 1993), at the least prominently involves, Graunke v. Elmhurst Chrysler Plymouth Volvo, Inc., 247 Ill. App.3d 1015,187 Ill.Dec. 401, 617 N.E.2d 858 (1993), and at the most requires a finding that the plaintiffs had brought the action in bad faith. Haskell v. Blumthal, 204 Ill. App.3d 596,149 Ill.Dec. 619, 561 N.E.2d 1315 (1990). No such finding was or could be made in this case.[1]
The judgment under review is therefore reversed in part and affirmed in part, and the cause is remanded to amend the order of dismissal to one with prejudice and for the assessment of taxable costs.
Reversed in part, affirmed in part and remanded.

. This disposition of the attorney’s fees issue makes it unnecessary to determine whether it is necessary for the recovery of attorney’s fees under Rule 1.420(d) that the contractual or statutory authority relied upon specifically provide that recoverable costs “include” fees, see Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993), or whether, if so, the particular provisions in this case meet that requirement.