PER CURIAM.
Philip Scutieri, Sundale Associates, Ltd., Sunrise Club, Inc. and the Associated American Development Corp. (the clients) appeal from an order of final summary judgment in favor of Tew, Spitler, Berger, and Bluestein (the firm), and an order dismissing the clients’ counterclaim with prejudice. We affirm both orders.
This litigation originated from a mortgage foreclosure action that Southeast Bank filed against the clients in 1980. The clients hired Tew, Spitler[1] to represent them in that action. In the foreclosure action, the trial court entered judgment in the bank’s favor; this court reversed the judgment on appeal. Sundale Assoc., Ltd. v. Southeast Bank, 471 So.2d 100 (Fla. 3d DCA 1985). The firm ended its representation of the clients in 1983.
In 1981, the firm had sought fees in the clients’ bankruptcy action. The bankruptcy court awarded the firm $175,000.00, slightly over one-half of the fees that the firm had requested. In 1985, the firm sued its former clients to recover fees that it alleged remained due and owing. To resolve that suit, the clients and the firm entered into a settlement agreement in 1987 for payment of fees of $135,000.00. The agreement provided that:
[I]n the event [client] settles any of the cases out of Court for an amount totalling at least $135,000.00 or for an agreement reducing the indebtedness claimed by the bank in Southeast Bank, N.A. v. Sundale Associates, Ltd. et al. by at least $135,-000.00, then the contingency will be deemed to have occurred and the fee will be due and payable by [client] at that time.
Following the settlement, the firm voluntarily dismissed the fee litigation.[2]
In November, 1991, the firm learned that their former clients had reached a settlement in the Southeast Bank litigation that resulted in the clients’ receipt of over $14,000,000.00 (fourteen million). The clients had not notified the firm of the settlement.
The principals of the law firm then filed suit in 1992 to enforce the terms of the 1987 settlement agreement. That suit was voluntarily dismissed in 1993 to enable the firm to file a charging lien in litigation that Scutieri had pending in federal court. The firm’s motion for a charging lien was denied, as the firm had failed to give timely notice of the lien in the federal proceeding.
In 1993, the firm filed the suit that gave rise to this appeal. In that action, the firm again sought to enforce the terms of the 1987 settlement agreement. The clients denied the indebtedness, raised several affirmative defenses including lack of consideration, res judicata, and the two-dismissal rule. The clients also filed a counterclaim seeking damages for legal malpractice, fraud, and malicious prosecution.[3] The firm moved to dismiss the counterclaim as barred by the statute of limitations and the settlement agreement. The trial court dismissed the counterclaim with prejudice, then granted the firm’s motion for summary judgment on the action to enforce the settlement. The former clients now appeal from those two orders.
On appeal, the clients argue that the 1993 suit to collect fees was barred by the “two dismissal” rule. “[A] notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.” Fla. R.Civ.P. 1.420(a)(1)(B). To determine whether a lawsuit is based upon or includes the “same claim” as an earlier-dismissed suit, the test is whether the two suits were based upon the same cause of action. See Variety Children’s Hosp. v. Mt. Sinai Hosp., 448 So.2d 546, 547 (Fla. 3d DCA) (“[T]he word ‘action’ denotes an entire controversy whereas ‘claim’ describes a ‘cause of action.’”) (emphasis added), rev. denied, 458 So.2d 274 (Fla.1984). Because “the focus of the two-dismissal rule is on identity of the causes of action,” the test for determining whether the *805 rule applies “rests upon a comparison of the facts constituting the underlying transaction.” Variety Children’s Hosp., 448 So.2d at 547.
The earlier dismissals that the clients cite to invoke the two-dismissal rule are: 1) the voluntary dismissal of the firm’s 1985 action to recover fees, and 2) the voluntary dismissal of the 1992 action to enforce the settlement agreement that was the consideration for the dismissal of the 1985 action. Although the ultimate recovery sought in each action was the same, the vehicles, or causes of action, used to obtain that result are entirely different. In the 1985 suit the firm alleged that it had performed for the clients legal services for which it was entitled to compensation, and involved the question of how much compensation, if any, was due. In the 1992 suit, the firm sought to enforce the terms of the settlement agreement which sprung from the dismissal of the 1985 action. The 1992 suit revolved around the execution and terms of the settlement agreement; whether its terms had been fulfilled, and whether the clients had breached those terms. The two-dismissal rule, therefore, does not bar this action. See e.g., Oceanair of Florida, Inc. v. Beech Acceptance Corp., 545 So.2d 443 (Fla. 1st DCA 1989) (dismissal of action pursuant to joint stipulation did not preclude, under principles of res judicata, filing separate action to enforce settlement agreement); cf. United Technologies Communications Co. v. Carlson Constr. Co., 583 So.2d 1110 (Fla. 3d DCA 1991) (voluntary dismissal of claim for contribution, followed by voluntary dismissal of claim for equitable subrogation, barred subsequent action for equitable subrogation; different theories of recovery were all based on same transaction and same set of facts); Variety Children’s Hospital, 448 So.2d at 548 (two-dismissal rule precluded action where both earlier actions requested different relief but were based upon same underlying transaction).
We find no merit in the remaining points on appeal.
AFFIRMED.

. The firm is now dissolved.

. The 1987 settlement agreement was reaffirmed by the clients’ successor attorney in a 1990 letter.

.The claims alleged in the counterclaim had been raised as affirmative defenses, not as counterclaims, in the 1992 action to enforce the settlement agreement.