POLEN, J.
In case number 98-3290, Thomas E. Edmondson (“Edmondson”) appeals the trial court’s final summary judgment in favor of Thomas I. Green and Thomas I. Green, P.A. (“Green”). In case number 98-2636, Green appeals after the trial court denied their motions to quash summons and vacate two default final summary judgments against them on Edmondson’s second complaint. We sua sponte consolidate both appeals for purposes of this opinion. We hold that the court erred in dismissing three counts of the third complaint based on the two dismissal rule and, therefore, reverse on this basis. We affirm, however, on all the other points raised in both appeals.

Facts

The lawsuit giving rise to these appeals stemmed from a failed attorney/client relationship between Edmondson and Green. Edmondson first sued Green in 1996. His complaint alleged eight causes of action:[1] 1) replevin of files and documents; 2) accounting of $773,334 transferred from Edmondson to Green between May 7, 1993 and September 16, 1994; 3) constructive trust on real property that Green purchased using money Edmondson transferred to him; 4) cancellation and rescission of an appointment agreement regarding a biography; 5) constructive trust on $250,000 Edmondson paid to Green with respect to the appointment agreement; 6) *703 conversion and replevin of $773,334; 7) damages for breach of fiduciary duty; and 8) civil theft of $773,334. Because Edmondson was unable to serve Green, despite a thirty-day extension granted by the trial court, he filed a notice of voluntary dismissal without prejudice.
Prior to this dismissal, however, Edmondson sent Green’s attorney a copy of the second complaint, which he later filed that same day and affidavits of constructive service that he intended to file. (The second complaint alleged the same facts and counts as in the first complaint.) Also before this dismissal, Green’s lawyer contacted Edmondson’s lawyer about releasing the notice of lis pendens Edmondson had filed with the first complaint. Edmondson agreed to release the lis pendens in return for Green’s signing an agreement whereby Green’s lawyer would hold the sale proceeds in escrow pending resolution of this dispute. Green, Edmondson, and their lawyers signed such agreement after the second complaint was filed.
Edmondson constructively served Green on the replevin and constructive trust counts of the second complaint by filing and publishing the notice of action. He alleged in his affidavits of constructive service that Green had concealed his whereabouts and that his P.A. had closed its offices, had been involuntarily dissolved by the secretary of state, its telephone was disconnected, so that Edmondson could not effect process. He further alleged that the last known residence of Green was in Tequesta, Florida, and that the last known principal place of business of Green was in West Palm Beach.
Thereafter, Edmondson obtained a default against Green on the replevin and constructive trust counts of the second complaint. Green did not move to vacate the default, but instead, filed affidavits in opposition to Edmondson’s motion for entry of judgment upon default. The court entered final judgments against Green on the replevin and constructive trust counts.
Green then moved to vacate the judgments and quash the summons, arguing that the constructive service of process was defective because Edmondson failed to comply with statute, and because Edmondson failed “to meet the due diligence requirements of applicable Florida law in his efforts to obtain service of process by a ‘constructive service.’ ” The court ruled that Green had notice of the proceedings, had appeared in court through his lawyer, and that Edmondson had proven due diligence. The motions to vacate and quash were denied.
Edmondson, despite another thirty-day extension, was unable to serve Green with the remaining counts of the second complaint. As such, he later filed his second notice of voluntary dismissal without prejudice as to these remaining counts.
The same day he voluntarily dismissed the second complaint, Edmondson filed a third complaint against Greene and personally served him with same. The third complaint alleged: 1) replevin of files and documents; 2) accounting of $2.1 + million that Edmondson transferred to Green between May 7, 1993 and September 14, 1994; 3) constructive trust on real property based on $2.1+ million Edmondson transferred to Green between May 7, 1993 and September 14, 1994; 4) cancellation and recission of the appointment agreement; 5) constructive trust on funds with respect to the appointment agreement; 6) replevin of $2.1 + million that Edmondson transferred to Greene between May, 1993 and September, 1994; 7) breach of fiduciary duty with respect to Green’s procurement of $2.1+ million of funds; 8) civil theft of $1,275,000; 9) fraud committed by Green’s causing Edmondson to transfer $1,275,000 in three installments to a Swiss bank account owned by Green on November 4, 1993, April 12, 1994, and September 2, 1994; 10) undue influence relating to Green’s convincing Edmondson to transfer $1,275,000 to the Swiss bank; and 11) con *704 version with respect to the transfers of $1,275,000.[2]
Green then moved for summary judgment based on Edmondson’s having twice voluntarily dismissed the action. The trial court, following a hearing, granted the motion, finding that
[e]ven though Plaintiff may have to prove some additional facts to obtain increased damages, Plaintiffs new amended complaint basically alleges all the same facts underlying the transactions for the first eight claims as his two prior actions. The pleading of different remedies does not circumvent the rule....

Two Dismissal Rule

On appeal, Edmondson argues his third (amended) complaint against Green was not barred by the “two dismissal” rule. “[A] notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.” Fla.R.Civ.P. 1.420(a)(1). As used in rule 1.420(a)(1)(B), the word “action” denotes an entire controversy, whereas the word “claim” describes a “cause of action.” Crump v. Gold House Restaurants, Inc., 96 So.2d 215 (Fla.1957). Thus, the primary focus of the two-dismissal rule is on identity of the causes of action. See id. Whether there is identity of causes of action depends upon a comparison of the facts constituting the underlying transaction. Variety Children’s Hosp. v. Mt. Sinai Hosp. of Greater Miami, Inc., 448 So.2d 546, 547 (Fla. 3d DCA) (citations omitted), petition for review denied, 458 So.2d 274 (Fla.1984). In Variety, the court noted,
As the result of a single transaction or a connected series of transactions giving rise to a unitary claim, the plaintiff may be entitled to a number of alternative or cumulative remedies or forms of relief against the defendant. In a modern system of procedure it is ordinarily open to the plaintiff to pursue in one action all the possible remedies whether or not consistent, whether alternative or cumulative, and whether of the types historically called legal or equitable.
Id. at 548 (quoting Restatement (Second) of Judgments section 24 comment a (1982)). In sum, if the facts necessary to the maintenance of the latter suit are the same as in the prior dismissed suit, and the judgment sought in each requires the same proof to justify it, then the second suit should be barred by the rule. See id.; see also United Technologies Communications Co. v. Carlson Constr. Co., 583 So.2d 1110 (Fla. 3d DCA 1991) (holding voluntary dismissal of claim for contribution, followed by voluntary dismissal of claim for equitable subrogation, barred subsequent action for equitable subrogation where theories of recovery, albeit different, were all based on same transaction and same set of facts). Overall, courts must strictly construe the two dismissal rule, as it is in derogation of a previously existing right. See Crump, 96 So.2d at 219 (citation omitted).
Our review of the three complaints shows that Counts 9 (fraud), 10 (undue influence), and 11 (conversion) of the third complaint allege new causes of action that did not appear in the earlier two complaints. As such, we hold these counts are not barred by the rule and reverse accordingly. However, because the first eight counts of the third complaint are identical to the first eight counts in the prior two suits, even though Edmondson was claiming a greater amount of money, we agree with the trial court that such counts are barred by the rule.
As an aside, we note special concern about the interplay in this ease between Florida Rules of Civil Procedure 1.070(j) and 1.420(a)(1). Rule 1.070(j) provides,
If service of the initial process and initial pleading is not made upon a defendant *705 within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1420(a)(1).
Fla.R.Civ.P. 1.070(j) (emphasis supplied). The rule is a “successful attempt to elevate the demands of speed and efficiency in the administration of justice over the substantive rights of the parties which the system is in business only to serve.” Hernandez v. Page, 580 So.2d 793, 794-95 (Fla. 3d DCA 1991) (Schwartz, J., concurring specially).
Nevertheless, under this rule, it would appear that a plaintiff, who lacks good cause for failing to timely serve the defendant, may circumvent the application of rule 1.420(a)(1) by asking the court to dismiss his action under rule 1.070(j). Such a situation would not only impose an unnecessary burden on the trial court, but would seem to thwart the very purpose of the rule.
Rather, we believe it would be more logical to construe rule 1.420(a)(1) as to bar a third suit on the same matter only when the prior two dismissals occurred after the defendant was served. Simply put, if a trial court’s dismissal of an action for lack of timely service does not count as an adjudication of the merits, then a plaintiffs voluntary dismissal of that action pri- or to service, as in the instant case, should not count as well. See Fla.R.Civ.P. 1.420(a)(l)(stating that “a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim”)(emphasis supplied).
In fact, Florida Rule of Civil Procedure 1.420(e), which provides for dismissal for lack of prosecution, as well as reinstatement of dismissed actions by motion for good cause, supports this proposition.[3] If dismissals are available under rule 1.420(e) when a plaintiff is unable to serve a defendant, then it would appear redundant to allow dismissals under rule 1.420(a)(1) for that same reason. Nevertheless, neither party raised this point either in the trial court or on appeal; accordingly, we refrain from resolving this issue at this time.

Denying the motions to quash summons and vacate the final judgments was not erroneous

Green argues that Edmondson’s constructive service affidavit was deficient pursuant to section 49.041(3)(c), Florida Statutes (1997), because it did not allege that Green resided “in the state.” Still, because the record reflects that Green had notice of Edmondson’s pending suit, we do not believe that Edmondson’s failure to allege residency prejudiced Green in any way. See Paleias v. Wang, 632 So.2d 1132, 1132 n. 1 (Fla. 4th DCA 1994)(hold-ing that the failure to allege nonresidency is not an essential statutory predicate to acquire personal jurisdiction over a nonresident). As such, we affirm. Alternatively, Green argues the court failed to inquire into whether Edmondson used due diligence in attempting to locate Green. Again, however, the record belies this assertion. The trial court’s denial of Green’s motion to vacate the default final judgments and quash the summons is affirmed.
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings in accordance with this opinion.
STONE and GROSS, JJ., concur.

. His initial complaint alleged only five counts. He later amended his complaint.

. His third complaint initially alleged only the first eight counts; the latter three were added after he amended the complaint.

. As in rule 1.070(j), we have previously construed dismissals under rule 1.420(e) as to not constitute an adjudication on the merits so as to bar a subsequent suit on the same subject matter. See Smith v. St. Vil, 714 So.2d 603, 604-605 (Fla. 4th DCA 1998).