PARKER, Judge,
Dissenting.
I respectfully dissent. I find merit in Stephen D. Vaughan and Cynthia J. Vaughan’s (the Vaughans) argument that Florida Rule of Civil Procedure 1.420(a)(1) precludes a final judgment for First Union National Bank of Florida (First Union). Accordingly, I would reverse the trial court on the “two dismissal rule” issue.
*1218 In 1989, June C. Vaughan and George Vaughan executed a mortgage in favor of First Union, which was secured by real property located in Lake Wales, Florida. Thereafter, the Vaughans gained an interest in the property as husband and wife. In 1996, June C. Vaughan filed for protection under Title 11, Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the bankruptcy petition operated as an automatic stay to the commencement of any proceeding against June C. Vaughan to recover a claim that arose before the commencement of the petition. In January 1997, First Union filed an action to foreclose the mortgage on the Lake Wales property, Case No. 97-244. Upon discovery of the pending bankruptcy, First Union voluntarily dismissed the action.
In June 1997, First Union obtained relief from the automatic stay and filed a second foreclosure action, Case No. 97-2177. However, another family member had filed for relief in bankruptcy before First Union filed the second action, and another stay had resulted. First Union subsequently obtained relief from that stay and filed a third action, Case No. G-98-185, even though the second case was still pending.
At the hearing on First Union’s motion for summary judgment in Case No. G-98-185, the following exchange took place between the trial court and the attorneys:
MR. ROTHBURD (the Vaughans’ attorney): Certainly, Your Honor. And then I guess our second ground is, there’s a ’97 case pending, with the exact same plaintiff, the exact same defendants, the exact same case, which is still an active case in this court. I just checked downstairs, pulled the file.
THE COURT (Judge Strickland): So we need a voluntarily [sic] dismissal of that, Ms. Matulis.
MS. MATULIS (First Union’s attorney): Your Honor, I can certainly submit that. However, because that was filed in violation of the stay, it is void. But I can certainly file a dismissal.
THE COURT: Let’s do so in order to clean up all the records.
MS. MATULIS: Okay.
THE COURT: And our clerk can then be authorized to close that file.
MS. MATULIS: Okay. Okay.
THE COURT: Let’s see—
MR. ROTHBURD: Your Honor, I guess our objection is, to the extent that the file is still open, the defendants are subject to multiple judgments on the same transaction and occurrences. And until something is resolved in the lower case in this court, I think the local rules here are to consolidate the upper-number case with the lower-number case, and set summary judgment, perhaps in the lower-number case, may be more appropriate than having summary in this case while there are still two pending cases on the same—
THE COURT: Well, that sounds like a lot of duplicitous action. I would not be taking any steps on the judgment, proposed judgment, until Ms. Matulis can place in the court file, with copy to counsel, of the bankruptcy order that we’ve referred to, and that she can also show that the ’97 case has been voluntarily dismissed. Once those two preconditions are met, then I would be, I think, in position to execute the judgment, unless there’s some objections to it on its own merits.
First Union subsequently filed a notice of voluntary dismissal as to Case No. 97-2177. The Vaughans then filed a supplemental response and objection to First Union’s motion for summary judgment arguing that First Union’s voluntary dismissal operated as an adjudication on the merits under rule 1.420(a)(1). The trial court entered summary judgment in favor of First Union.
On appeal, the Vaughans reassert their position that rule 1.420(a)(1) bars summary judgment. Neither party contests the *1219 “two dismissal rule,” as set forth in Florida Rule of Civil Procedure 1.420(a)(1) (1997):
By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of the court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
(emphasis added.) Basically, rule 1.420(a)(1) stands for the proposition that a party may voluntarily dismiss an action only once without prejudice.
The Third District Court of appeal has formulated a test for the application of the “two dismissal rule” after construing the language of rule 1.420. See Variety Children’s Hosp. v. Mt. Sinai Hosp. of Greater Miami, Inc., 448 So.2d 546 (Fla. 3d DCA 1984). “[T]o apply the rule ... we must review the prior pleadings and determine whether the dismissed actions are based on or include the same claim.” Id. at 547. Therefore, if the underlying transaction was the same or similar in each voluntarily dismissed case, then the “two dismissal rule” is applicable. See generally McCaughan Mortgage Co., Inc. v. American Nat'l Bank, 634 So.2d 1099, 1099-1100 (Fla. 3d DCA 1994); United Technologies Communications Co. v. Carlson Constr. Co., 583 So.2d 1110, 1111 (Fla. 3d DCA 1991).
There is no dispute that all three cases list the same property for foreclosure and the Vaughans as defendants. Although First Union recognizes the “two dismissal rule,” they cite Crump v. Gold House Restaurants, Inc., 96 So.2d 215, 219 (Fla.1957), for the proposition that a party is not automatically barred from bringing a third suit if the court ordered the party to dismiss the second suit. I agree that a court-ordered dismissal of a claim does not trigger the “two dismissal rule.” However, I disagree that Judge Strickland’s remarks at the hearing constituted an order. The remarks may have been a suggestion, but they were definitely not an order. In my opinion, First Union should have taken the prudent action of consolidating the two cases. For the reasons stated, I would reverse.