774 So.2d 863 (2000)
OLYMPIA MORTGAGE CORP., Appellant/Cross-Appellee,
v.
Theodore D. PUGH and Pamela A. Pugh, his wife, Appellees/Cross-Appellants, and
John Doe and Jane Doe as unknown tenants in possession, Appellees.
No. 4D00-128.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
*864 Forrest G. McSurdy of Law Offices of David J. Stern, P.A., Plantation, for appellant/cross-appellee.
Steven L. Perry of McCarthy, Summers, Bobko, Wood, Sawyer, & Perry, P.A., Stuart, for Appellees/Cross-Appellants-Theodore Pugh and Pamela A. Pugh, his wife.
HAZOURI, J.
Olympia Mortgage Corporation (Olympia) filed a complaint for mortgage foreclosure against Theodore Pugh and Pamela Pugh. The Pughs asserted as an affirmative defense that the cause of action was barred by Florida Rule of Civil Procedure 1.420(a), the two-dismissal rule. In its final judgment, the trial court applied the two-dismissal rule and held that Olympia forfeited certain amounts owing on the mortgage, but not the total balance of the mortgage. Olympia appeals and the Pughs cross-appeal.
Olympia filed two successive mortgage foreclosure actions against the Pughs in Martin County Circuit Court, which Olympia voluntarily dismissed. Both mortgage foreclosure actions were based on the *865 same promissory note and in each Olympia elected to accelerate payment of the entire amount due on the note and mortgage.
The first foreclosure action was filed on July 23, 1996, alleging a payment default date of April 1, 1995, and an unpaid principal of $124,050.97. The action was voluntarily dismissed on February 16, 1998. The court record does not indicate why Olympia elected to voluntarily dismiss the action; however, on the date that Olympia filed the action it had not yet been assigned the note and mortgage. Olympia was not assigned the note and mortgage until August 7, 1996.
The second foreclosure action was filed on February 17, 1998, alleging a payment default date of May 1, 1995, and unpaid principal of $123,947.26. The case was voluntarily dismissed on May, 28, 1998, because Olympia failed to comply with certain necessary technical requirements prior to institution of the foreclosure action. The Pughs did not reinstate the loan subject to either of the two foreclosure actions. However, in 1998, Olympia applied funds held in escrow and belonging to the Pughs to the payment due for April of 1995.
On October 13, 1998, Olympia filed the instant mortgage foreclosure action against the Pughs, alleging a payment default date of May 1, 1995 and unpaid principle of $123,947.26. The Pughs asserted as an affirmative defense that the two dismissal rule precluded Olympia from obtaining a foreclosure judgment. In the course of the bench trial, the parties agreed that the two prior foreclosure actions had alleged failure to pay the April 1, 1995 payment and "all payments subsequent thereto."[1]
In its final judgment, the trial court found that Olympia applied monies held in escrow, belonging to the Pughs, to pay the amount owing for April of 1995, solely to create a new cause of action. The trial court further found that the instant foreclosure action presents the same claim as the two prior foreclosure actions, irrespective of the different default alleged herein. The trial court concluded that Olympia is entitled to foreclose the mortgage because no payments have been made under the note and mortgage since April of 1995.
Nevertheless, the trial court held that Olympia forfeited all amounts owing under the promissory note and mortgage from March of 1995 through February of 1998, based on the two dismissal rule, Florida Rule of Civil Procedure 1.420(a).[2] The trial court assumed, for purposes of relief, that the mortgage was current through and including February of 1998. Furthermore, the trial court held that the Pughs defaulted under the mortgage by failing to pay all amounts due under the mortgage since March 1, 1998. This included principal, interest, taxes, insurance and other charges allowable under the mortgage, amounting to $31,381.90. Additionally, if the Pughs failed to reinstate the mortgage by January 1, 2000, Olympia would be due $151,518.48 and entitled to foreclose on the mortgage.
Olympia argues on appeal that the "Two Dismissal Rule" does not apply in this case and that the trial court should have awarded it the entire balance due on the note and mortgage. We agree.
The two dismissal rule, Florida Rule of Civil Procedure 1.420(a), provides that "a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any *866 court an action based on or including the same claim." As used in the two dismissal rule, the word "action" denotes an "entire controversy," whereas the word "claim" describes a "cause of action." Crump v. Gold House Restaurants, Inc., 96 So.2d 215, 218 (Fla.1957). Therefore, the rule applies where there is an identity of the causes of action. Edmondson v. Green, 755 So.2d 701 (Fla. 4th DCA 1999) (citing Variety Children's Hosp. v. Mt. Sinai Hosp. of Greater Miami, Inc., 448 So.2d 546, 547 (Fla. 3d DCA 1984)).
Whether there is an identity of the causes of action depends upon a comparison of the facts constituting the underlying transaction. Id. If the facts necessary to the maintenance of the first suit are the same as in the second suit, and the judgment sought in each requires the same proof to justify it, then the third suit should be barred by the rule. See Variety Children's Hosp. v. Mt. Sinai Hosp. of Greater Miami, Inc., 448 So.2d 546, 548 (Fla. 3d DCA 1984).
The Pughs contend that there is identity of the causes of action. They argue that when Olympia elected to accelerate payment on the note in the first and second foreclosure actions, it placed the entire balance of the note at issue, thereby eliminating any factual distinctions between the two foreclosure actions.
We disagree that the election to accelerate placed future installments at issue. We note our decision in Capital Bank v. Needle, 596 So.2d 1134 (Fla. 4th DCA 1992), where we stated:
[A] final adjudication in a foreclosure action that also prays for a deficiency judgment on the underlying debt may, but does not necessarily, bar a subsequent action on the debt. For instance, if the plaintiff in a foreclosure action goes to trial and loses on the merits, we do not believe such plaintiff would be barred from filing a subsequent foreclosure action based upon a subsequent default. The adjudication merely bars a second action relitigating the same alleged default. A dismissal with prejudice of the foreclosure action is tantamount to a judgment against the mortgagee. That judgment means that the mortgagee is not entitled to foreclose the mortgage. Such a ruling moots any prayer for a deficiency, since a necessary predicate for a deficiency is an adjudication of foreclosure.
Id. at 1138.
Applying the reasoning in Capital Bank to this case, if we treat Olympia's voluntary dismissal of the first foreclosure action as an adjudication on the merits against Olympia, then the payment on the note and mortgage could not have been accelerated. Although Olympia sought to accelerate, had Olympia gone through with the suit and lost on the merits, then the court would have necessarily found that the Pughs had not defaulted on the payments due to date. If the Pughs had not defaulted, then Olympia would not be entitled to accelerate payment on the note and mortgage. By voluntarily dismissing the suit, Olympia in effect decided not to accelerate payment on the note and mortgage at that time.
Accordingly, whether the mortgagor will make future installment payments is not at issue in a foreclosure action. The issue is whether there has already been a default which if decided in favor of the mortgagee, would entitle the mortgagee to elect to accelerate and foreclose in accordance with the note and mortgage.
In this case, both the first and second foreclosure actions sought foreclosure and an acceleration of the balance due on the note and mortgage. However, the facts at issue in each foreclosure action differed, because the possible dates of default differed.
The parties stipulated that the first and second foreclosure actions alleged failure to pay the installment due April 1, 1995 and "all payments subsequent thereto." Therefore, at issue in both actions was *867 whether there was a default on April 1, 1995, or at any time thereafter while the action was pending, thereby entitling Olympia to accelerate payment on the note.
The first foreclosure action was dismissed on February 16, 1998. Therefore, at issue in that action was whether the Pughs defaulted on the note and mortgage between April of 1995 and February of 1998. The second foreclosure action was dismissed on May 28, 1998. Therefore, at issue in that action was whether the Pughs defaulted on the note and mortgage between April of 1995 and May of 1998.
A comparison of the two foreclosure actions reveals that the facts necessary to establish a default in the first foreclosure action differ from the facts necessary to establish a default in the second foreclosure action. In both foreclosure actions, a court would need to determine whether there are sufficient facts to establish a default between the dates of April 1995 and February 1998. However, in the second foreclosure action, the court would also have had to determine whether there was a default between February 1998 and May 1998, a question which could not have been at issue in the first foreclosure action.
The consideration of additional facts and the evidence related to those facts in the second foreclosure action is sufficient to prevent identity of the first and second causes of action. In the absence of identity of the first and second causes of action, the two dismissal rule does not apply in this case. See Edmondson v. Green, 755 So.2d 701 (Fla. 4th DCA 1999).
The Pughs contend in their cross-appeal that the two dismissal rule, Florida Rule of Civil Procedure 1.420(a) bars any foreclosure actions on the note and accordingly they should not have to make any payments on the note.
The Pughs misconstrue the application of the two dismissal rule. The two dismissal rule does not bar a subsequent suit. The two dismissal rule merely states that when the rule applies the dismissal of the second suit operates as an adjudication on the merits. Once there is an adjudication on the merits, it is the doctrine of res judicata which bars subsequent suits on the same cause of action. See State Street Bank and Trust Co. v. Badra, 765 So.2d 251 (Fla. 4th DCA 2000) (citing State of Wisconsin v. Martorella, 670 So.2d 1161, 1162 (Fla. 4th DCA 1996)); Youngblood v. Taylor, 89 So.2d 503, 505 (Fla.1956).
Having found that the two dismissal rule does not apply, the dismissal of the second suit did not operate as an adjudication on the merits. Because there has not been a prior adjudication on the merits on the same cause of action, the instant foreclosure action is not barred by res judicata.
Therefore, the trial court erred when it found that the two dismissal rule applied in this case and held that as a result Olympia forfeited certain amounts due and owing under the note and mortgage. Accordingly, we reverse and remand with instructions to enter judgment in favor of Olympia in accordance with this opinion.
Reversed and remanded.
WARNER, C.J., and DELL, J., concur.
NOTES
[1] Although, as previously stated, the first foreclosure action alleged an initial default date of April 1, 1995 and the second foreclosure action alleged an initial default date of May 1, 1995, the parties agreed that both actions alleged April 1, 1995 as the initial date of default.
[2] February of 1998 was when the first foreclosure action was dismissed and the second foreclosure action was filed.