# Third District Court of Appeal

## State of Florida

Opinion filed September 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1633
Lower Tribunal No. 19-35499
_____

**Associated Energy Group, LLC,**
Appellant,

vs.

**Luis Costa and Maria Elena Costa,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Fox Rothschild LLP, and Joseph A. DeMaria and Heather L. Ries (West Palm Beach), for appellant.

Benitez & Associates, and Leo Benitez and Lizette Benitez, for appellees.

Before FERNANDEZ, C.J., and LOGUE and BOKOR, JJ.

LOGUE, J.

Associated Energy Group, LLC appeals from a summary judgment entered in favor of Luis Costa and Maria Elena Costa, defendants below, following the trial court's application of Florida's two-dismissal rule. Fla. R. Civ. P. 1.420(a)(1). Because the rule is inapplicable to the facts of this case, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Associated Energy Group, a Texas limited liability company, invoiced $661,371 in fuel products to Osher Oil Corp. pursuant to a line of credit agreement. The Costas, as principals of Osher Oil, executed a Continuing and Unconditional Guaranty in favor of Associated Energy Group for the dealings. Osher Oil and the Costas refused to pay. So began the litigation.

### A.  First Florida Action

On August 14, 2018, Associated Energy Group sued Osher Oil and the Costas for breach of contract in the Miami-Dade County Circuit Court.[1] Osher Oil argued that the proper venue for the breach of contract action was Texas. The Costas asserted there was a conflict between the venue provision under the credit agreement with Osher Oil and the guaranty they had executed. One year later, Associated Energy Group filed a Notice of Voluntary

[1] Associated Energy Grp., LLC v. Osher Oil Corp., No. 2018-27624-CA-01 (Fla. 11th Cir. Ct. Aug. 14, 2018).

2

Dismissal Without Prejudice pursuant to rule 1.420(a)(1) as to all defendants, Osher Oil and the Costas. The action was dismissed, and the case file was closed.

## B. Texas Action

The same day it dismissed its first Florida action against all defendants, Associated Energy Group filed a second action in the District Court of Harris County, Texas against Osher Oil and the Costas. Upon learning of the new action, counsel for the Costas asserted that the proper venue for breach of the guaranty was Florida and claimed they would seek sanctions if they were not dismissed. On December 5, 2019, Associated Energy Group filed its Notice of Dismissal of Luis Costa and Maria Elena Costa Without Prejudice in the Texas action. The dismissal notice stated: "Associated Energy Group, LLC dismisses its claims against Luis Costa and Maria Elena Costa without prejudice to its right to re-file the same claims." Relevant here, the Texas action was not entirely dismissed: Associated Energy Group's claims against Osher Oil remained pending. Subsequently, Associated Energy Group obtained a final judgment against Osher Oil for damages.

## C. Second Florida Action

The same day that Associated Energy Group dismissed its claims against the Costas in the Texas action, it filed a one-count complaint for

3

breach of the guaranty against the Costas in the Miami-Dade County Circuit Court—the instant action. The Costas moved to dismiss the complaint stating that the two-dismissal rule barred the second Florida action. They asserted that Associated Energy Group's "prior dismissal of the two actions against [them] on the same claim . . . operate as an adjudication on the merits as a matter of law." Associated Energy Group responded that the two-dismissal rule was inapplicable because the dismissal of the Costas in the Texas action did not constitute a dismissal of the entire action as required by rule 1.420(a)(1). The trial court denied the motion to dismiss. The Costas answered the complaint and asserted the two-dismissal rule as an affirmative defense. They then moved for summary judgment on the same basis raised in their motion to dismiss.

The trial court entered summary judgment in favor of the Costas. The court found that Associated Energy Group's claims against the Costas were barred as a matter of law pursuant to rule 1.420(a)(1). In so ruling, the court reasoned that "the primary focus of the two-dismissal rule is on identity of the causes of action," and that the "causes of action alleged by [Associated Energy Group's] Third Action against [the Costas] are the same as those alleged . . . in the First Action and the Second Action, both of which were voluntarily dismissed by [Associated Energy Group]."

4

## ANALYSIS

Our standard of review of a trial court's interpretation of the rules of civil procedure, entailing a pure question of law, is de novo. Aguilo v. American Sales and Mgmt. Org. LLC, 300 So. 3d 730, 731 (Fla. 3d DCA 2020) (citing Koppel v. Ochoa, 243 So. 3d 886, 889 (Fla. 2018)).

Florida's two-dismissal rule, embedded under rule 1.420(a)(1), provides:

> Except in actions in which property has been seized or is in the custody of the court, an action, a claim, or any part of an action or claim may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all current parties to the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that <u>a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim</u>.

(emphasis added).[2] "The provisions of this rule apply to the dismissal of any counterclaim, crossclaim, or third-party claim." Fla. R. Civ. P. 1.420(d).

---

[2] The Eleventh Circuit Court of Appeals has noted that the "primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." Cunningham v. Whitener, 182 F. App'x 966, 969–70 (11th Cir. 2006).

In <u>Dave Hess, Inc. v. Black Angus of Pompano, Inc.</u>, 288 So. 2d 286 (Fla. 4th DCA 1974), the Fourth District refused to apply the two-dismissal rule in remarkably similar circumstances. There, after a voluntary dismissal in small claims court, the plaintiff again voluntarily dismissed all counts as to certain defendants but left two counts pending as to other defendants. Plaintiff then filed an amended complaint against the defendants it had previously dismissed. The defendants moved to dismiss under rule 1.420(a)(1). The Fourth District rejected this argument reasoning:

> [T]he two dismissal rule applies only to dismissal of an entire action or controversy as to all defendants; it does not apply to a dismissal of any claim or cause of action against one or more, but less than all, of the defendants named in the complaint. Therefore, although appellant . . . did file a notice of voluntary dismissal, such filing was insufficient to permit the circuit court to apply the two dismissal rule to appellant, because that notice did not involve all the defendants in the action.

<u>Id.</u> at 287 (internal citations omitted).

Here, Associated Energy Group admits that its voluntary dismissal of the first Florida action against all defendants (Osher Oil and the Costas) constitutes the first dismissal chargeable against it under rule 1.420(a)(1). But the voluntary dismissal of the Costas, without prejudice, in the Texas action cannot operate under the two-dismissal rule as a bar to the third suit in Florida because Associated Energy Group did not dismiss the entire Texas

6

action against all named defendants—it dismissed only its claims against the Costas. <u>Dave Hess</u>, 288 So. 2d at 287.

Reversed and remanded.